**Walter A. KULIK et al., Plaintiffs,**
v.
**SUPERIOR PIPE SPECIALTIES CO.,**
a corporation, Defendant.
**No. 58 C 1987.**

United States District Court
N. D. Illinois, E. D.
March 15, 1962.

Meyers & Rothstein, Chicago, for plaintiffs.

Winston, Strawn, Smith & Patterson, Chicago, for defendant.

MINER, District Judge.

This matter having been fully tried before the Court, and the Court having read the pleadings filed herein by the respective parties, and the Court having heard and examined all the testimony, documents and exhibits presented by the respective parties and admitted into evidence, and the Court having heard and considered the arguments submitted by counsel in support of their respective positions, and the Court being fully advised, the Court hereby enters its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. This is a civil proceeding brought by plaintiffs under the Fair Labor Standards Act of 1938, as amended (29 U.S. C.A. § 201 et seq., hereinafter referred to as the "Act") for overtime compensation, liquidated damages, and attorneys' fees.

2. Defendant, Superior Pipe Specialties Co., is and during the period involved herein was a corporation organized under the laws of the State of Illinois, and maintaining its office and place of business in Cicero, Illinois.

3. During the period involved in this action, defendant was substantially engaged in the manufacture, sale and distribution of pipe and pipe products in interstate commerce.

4. All of the plaintiffs, except Sam Beavers, were employed by, and performed services for the defendant, during some or all of the periods in question, in the processing, fabricating, manufacturing and handling of defendant's products for interstate commerce.

5. During workweeks in which plaintiffs worked over 40 hours, defendant failed to pay plaintiffs, for each hour worked over 40, an amount equal to one and one-half times their respective regular hourly rates for a normal forty hour non-overtime workweek.

6. Defendant compensated all the said plaintiffs for workweeks in excess of 45 hours at one and one-half times rates which were less than the respective regular rates paid plaintiffs for a 40 hour non-overtime workweek.

7. The actual payment practice adopted by defendant for the period in question, and for the period since prior to 1950, consisted of the payment of hourly rates which varied with the scheduled number of hours in a workweek. The hourly rate, calculated by including therein payments characterized by defendant as "extra or bonus payments," was lowest for workweeks scheduled at 52 hours, and higher for workweeks scheduled between 40 hours to 45 hours.

8. There is no evidence in the record that the payment practice of the defendant was part of a scheme or device devised by defendant to evade the obligations of the Fair Labor Standards Act.

9. The names of the plaintiffs and the amounts by which they have been underpaid for the period between February 15, 1957 and the date of filing of the Complaint herein, November 12, 1958, from plaintiffs' Exh. 2 in evidence, are as follows:

| | |
|---|---|
| Willie Cotton | $181.44 |
| Leepolian McCraven | 174.90 |
| Wales Wallace | 188.55 |
| H. C. Threatt | 22.60 |
| Bodie Frazier | 73.19 |
| Daniel J. Nichols | 228.70 |
| Eulois Singleton | 102.45 |
| Dmitro Fidchechen | 191.85 |
| Willie Clyde Posey | 74.31 |
| William J. Jones | 121.35 |
| George Greenberry | 80.71 |
| Lee Edgar Kidd | 191.85 |
| Walter A. Kulik | 126.93 |
| T. S. Lathon | 85.50 |
| Dmitri Macovei | 75.40 |
| John Lewis | 154.43 |

Sam Beavers (Did not work during this period)

10. Appended to the Complaint at the time of filing was a typewritten document, not signed by plaintiffs and designated "Schedule A", purporting to constitute consents in writing by plaintiffs to become parties to this suit.

11. Consents in writing by plaintiffs, signed by plaintiffs, were filed in this Court appended to an Amended Complaint on February 19, 1960.

12. Statutory benefits attributable to the period from February 19, 1958 (two years immediately preceding the date of filing of the Amended Complaint and signed consents), to November 12, 1958 (the last date to which statutory benefits are claimed and have been shown by plaintiffs), may be computed by determining the proportion which the said period bears to the entire period for which plaintiffs claim the benefit of the Act.

13. The approximate proportion which the period from February 19, 1958 (two years preceding the date of filing of the Amended Complaint and signed consents), to November 12, 1958, bears to the period from February 15, 1957 (the date from which plaintiffs claimed statutory benefits in their original Complaint) to November 12, 1958, is 8 to 21, or approximately 38%.

14. Application of the proportion and percentage specified in finding 13 to the amounts by which plaintiffs were underpaid, as set forth in finding 9, for the period to November 12, 1958, results in the following:

| | |
|---|---|
| Willie Cotton | $ 68.95 |
| Leepolian McCraven | 66.46 |
| Wales Wallace | 71.65 |
| H. C. Threatt | 8.59 |
| Bodie Frazier | 27.81 |
| Daniel J. Nichols | 86.91 |
| Eulois Singleton | 38.93 |
| Dmitro Fidchechen | 72.90 |
| Willie Clyde Posey | 28.24 |
| William J. Jones | 46.11 |
| George Greenberry | 30.67 |
| Lee Edgar Kidd | 72.90 |
| Walter A. Kulik | 48.23 |
| T. S. Lathon | 32.49 |
| Dmitri Macovei | 28.65 |
| John Lewis | 58.68 |
| | $788.17 |

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter and the parties involved in this litigation (29 U.S.C.A. § 216(c)).

2. Defendant was, during the period involved in this action, an employer within the meaning of the Act.

3. Plaintiffs, by virtue of the work performed for the defendant, were engaged in the production of goods for commerce and therefore were subject to the Act.

■ 4. Defendant violated the provisions of the Act by employing plaintiffs in the production of goods for commerce for more than 40 hours in a workweek without compensating each of them at a rate of pay not less than one and one-half times the regular rate of pay for a 40 hour workweek.

■ 5. Failure to file with this Court plaintiffs' consents in writing to become parties to this suit until February 19, 1960, bars recovery for any period prior to February 19, 1958. The filing does not relate back to the date when the original Complaint was filed with a typewritten document, not signed by plaintiffs, purporting to constitute the consents required by 29 U.S.C.A. §§ 216(b) and 256.

■ 6. The "consent in writing to become such a party", referred to in 29 U.S.C.A. § 216(b), and the "written consent to become a party plaintiff" referred to in 29 U.S.C.A. § 256(a), is a document signed by the person whose consent it purports to be.

7. No document with the name of a person typewritten thereon satisfies the requirement of 29 U.S.C.A. § 256, unless the typewritten name is proved to be the signature of and by that person.

■ 8. When plaintiffs show they have been deprived of pay or other benefits accruing pursuant to statute or contract over a period of time, and when by application of a statutory or contractual provision the period for which plaintiffs may recover is shorter than the period for which plaintiffs have shown unpaid accrued benefits, the Court may (in the absence of proof of the specific amount of loss attributable to the period as so limited or of other factors requiring a different allocation) compute the amount of defendant's liability by

(a) determining the proportion which the limited period bears to the entire period for which benefits have been shown to be due but for the limiting provision, and

(b) applying that proportion (or the percentage it represents) to the amount of benefits shown to have accrued over the entire period.

9. Plaintiffs are entitled to judgment in the respective amounts set forth in finding of fact 13 herein.

■ 10. Defendants are entitled to the benefit allowed by 29 U.S.C.A. § 260, and the Court hereby determines that no liquidated damages shall be awarded plaintiffs in this cause.

11. Plaintiffs shall be awarded judgment in the amount of $350.00 as and for attorneys' fees pursuant to 29 U.S.C.A. § 216(b).