**Robert GROSHEK, Plaintiff,**

v.

**BABCOCK AND WILCOX TUBULAR PRODUCTS DIVISION, Defendant.**

Civ. A. No. 73–C–314.

United States District Court, E. D. Wisconsin.

Jan. 21, 1977.

David Loeffler, Milwaukee, Wis., for plaintiff and intervenors.

James F. Honzik, Milwaukee, Wis., William A. Ziegler, New York City, for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), by the plaintiff on his own behalf and on behalf of all production workers in a contract unit represented by Local No. 1849 of the International Brotherhood of Boilermakers who have not received overtime compensation for hours worked in excess of 40 hours per workweek during the period from June 13, 1971 to April 13, 1973, alleging a violation of § 7(a) of the FLSA, 29 U.S.C. § 207(a). The defendant has filed a motion to dismiss the class action for failure to state a claim upon which relief can be granted, and the plaintiff has filed a motion to permit the intervention of 119 additional plaintiffs and a motion for certification of a class action under Rule 23(b)(3), Federal Rules of Civil Procedure.

For the reasons hereinafter stated, the defendant's motion to dismiss is granted, and the plaintiff's motions for intervention and for certification of a class action are denied.

The plaintiff, an employee of the defendant, filed his complaint on June 13, 1973, and attached to the complaint his written consent to the action. The defendant answered and on March 16, 1976, the action was dismissed without prejudice after the parties had notified the court of a settlement. The action was reopened on the motion of the plaintiff on May 13, 1976. Subsequently, the defendant filed its motion to dismiss. On September 16, 1976, the plaintiff filed the written consents to the action of 119 other employees and a motion for their intervention. In addition, the plaintiff filed the complaint of the proposed intervenors and the amended complaint of the plaintiff without a motion to amend. The motions have been fully briefed.

■ The defendant contends that the plaintiff cannot maintain a class action on behalf of his fellow employees because he has failed to comply with the requirements of 29 U.S.C. § 216(b). Section 216(b) provides in pertinent part:

"* * * No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. * * *"

The defendant's contention rests on the proposition that a class action brought under the FLSA is governed by the requirements of § 216(b) rather than Rule 23 FRCP. The case law supports the defendant's position.

In *Sims v. Parke Davis & Co.*, 334 F.Supp. 774 (E.D.Mich.1971), aff'd 453 F.2d 1259 (6th Cir. 1971), cert. denied 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972), the district court held at 780 that:

"Claims for minimum wages under the Fair Labor Standards Act, however, cannot be maintained as a class action under Rule 23. That is because 29 U.S.C. § 216(b) limits the binding effects of a judgment adjudicating rights under the FLSA to persons who have filed a written consent to become parties to the suit; * * *."

The reasons for the court's conclusion in *Sims* were elaborated on in *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975):

"There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit. Under § 16(b) of FLSA, on the other hand, no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent. *Sims v. Parke Davis & Co.*, 334 F.Supp. 774, 780–81 (E.D.Mich.), aff'd 453 F.2d 1259 (6th Cir. 1971), cert. denied 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972). It is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits. * * *"

The 119 individuals who have filed written consents to the maintenance of this action did not submit their consents with the complaint. The only individual who has consented to the action set forth in the complaint before this court is the named plaintiff. Under § 216(b), the named plaintiff, then, is the only plaintiff in this action, and he cannot maintain it as representative of a class of coemployees unless the court permits the intervention of the 119 individuals who filed written consents to the action on September 16, 1976.

■ The complaint alleges that the defendant engaged in nonwillful violations of the FLSA. The applicable statute of limitations period in actions brought under the FLSA for nonwillful violations is two years after the cause of action accrues. 29 U.S.C. § 255(a). The period of the alleged violation commenced June 13, 1971, and contin-

ued to April 13, 1973. Thus, the written consents of the 119 coemployees of the plaintiff were filed after the statute of limitations had run and are barred. *King v. J. C. Penney Co.*, 58 F.R.D. 649 (N.D.Ga. 1973).

The plaintiff argues that the filing of their claim under Rule 23 tolls the statute of limitations pending a determination of the maintainability of the action as a class action. This argument ignores the language of 29 U.S.C. § 256 which provides in relevant part:

"In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended, * * shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act, as amended, * * * it shall be considered to be commenced in the case of any individual claimant—

"(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

"(b) If such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced."

Thus, the FLSA specifically provides that the action on the claims of the 119 coemployees of the plaintiff is to be considered commenced as of September 16, 1976, not the date of the plaintiff's filing.

The express language of the statute has been given full effect. *American Finance System Incorporated v. Harlow*, 65 F.R.D. 94, 104–105 n. 13 (D.Md.1974), and the fact that under Rule 23 the filing of the named plaintiff's complaint does toll the statute of limitations in certain actions has no effect on this action where Rule 23 does not apply. This court has no authority under the FLSA to adopt portions of Rule 23 procedures and apply them to an action brought under the Act, *McGinley v. Burroughs Corporation*, 407 F.Supp. 903 (E.D.Pa.1975), when to do so would be to take the FLSA statute of limitations out of context. *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

For the foregoing reasons,

IT IS ORDERED that the defendant's motion to dismiss is granted with respect to the members of the class named in the plaintiff's complaint, other than the named plaintiff.

IT IS FURTHER ORDERED that the plaintiff's motion to permit the intervention of the 119 coemployees of the plaintiff and his motion for certification of a class action are denied.