Marie KUHN et al.

v.

**PHILADELPHIA ELECTRIC COMPANY.**

Civ. A. No. 77–1107.

United States District Court,
E. D. Pennsylvania.

July 9, 1979.

Alice W. Ballard, Herbert B. Newberg, Philadelphia, Pa., for plaintiffs.

Philip S. Fuoco, Philadelphia, Pa., for intervenor/plaintiffs.

Robert W. Maris, and John F. Smith, III, Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The complaint alleged that defendant discriminates against women in regard to employment, promotions and pay. By an Order dated November 16, 1978, the suit was permitted to be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2). *Kuhn v. Philadelphia Electric Co.*, 80 F.R.D. 681 (E.D.Pa.1978). Plaintiffs subsequently moved to amend their complaint to allege claims under 42 U.S.C. § 1985(3) and the Equal Pay Act, 29 U.S.C. § 206(d). Defendant moved to strike the consents filed of record with the Clerk of the Court pursuant to 29 U.S.C. § 216(b) to show the consent of certain of the defendant's employees to become parties to the Equal Pay Act claim.

By an Order dated June 13, 1979, we granted plaintiffs' motion in substantial part and denied defendant's motion to

strike. However, on June 14, 1979, after being advised of the recent decision of the Supreme Court in *Great American Federal Savings & Loan Ass'n v. Novotny*, —— U.S. ——, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), we vacated that portion of our Order of June 13, 1979, that permitted plaintiffs to amend their complaint to add a claim based on 42 U.S.C. § 1985(3). We also vacated in its entirety the memorandum issued in conjunction with the Order of June 13. We have since been advised by counsel for plaintiffs that, in light of the decision in *Great American Federal Savings & Loan Ass'n v. Novotny, supra,* the part of their motion to amend that relates to 42 U.S.C. § 1985(3) has been withdrawn.

In addition to granting plaintiffs' motion to amend to add a claim based on 42 U.S.C. § 1985(3), our Order of June 13 also permitted plaintiffs to amend to add a claim based on the Equal Pay Act. We denied, however, plaintiffs' request to pursue the Equal Pay Act claim under Federal Rule of Civil Procedure 23. In addition, we denied defendant's motion to strike consents. Those portions of our Order of June 13, 1979, remain in full force and effect. The remainder of this memorandum, which replaces the memorandum that accompanied the Order of June 13, explains our reasons for those decisions.

■■■ We begin our discussion of plaintiffs' motion with the admonition of *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), that in the absence of bad faith, undue delay, dilatory motive, or undue prejudice to the opposing party, leave to amend should be freely given. We find that none of those factors which might militate against granting leave to amend is present in this case. On the contrary, this appears to be a case in which justice requires that leave be freely given.

Plaintiffs now seek leave to amend solely to add a claim based on the Equal Pay Act. While considering the interrelationship of the Equal Pay Act and Title VII, the United States Court of Appeals for the District of Columbia Circuit stated that "the provisions of both acts should be read in *pari materia,* and neither should be interpreted in a manner that would undermine the other." *Laffey v. Northwest Airlines, Inc.,* 185 U.S.App.D.C. 322, 329, 567 F.2d 429, 446 (1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). Other courts are in agreement that both acts should be construed in harmony. *See, e. g., Orr v. Frank R. MacNeill & Son, Inc.,* 511 F.2d 166 (5th Cir.), *cert. denied,* 423 U.S. 865, 96 S.Ct. 125, 46 L.Ed.2d 94 (1975). The remedial purpose of both acts is furthered, we believe, by permitting the amendment of plaintiffs' complaint.

We do not agree, however, with plaintiffs' contention that the Equal Pay Act claim may be pursued as a class action under Federal Rule of Civil Procedure 23. 29 U.S.C. § 216(b) provides in part that "No employee shall be a party plaintiff to [an action to recover the liability for a violation of 29 U.S.C. § 206(d)] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Many courts have held that a suit authorized by § 216(b) may not be conducted as a Rule 23 class action. *See e. g., Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859 (9th Cir. 1977); *LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286 (5th Cir. 1975); *Groshek v. Babcock & Wilcox Tubular Products Div.,* 425 F.Supp. 232 (E.D.Wis.1977); *Burgett v. Cudahy Co.,* 361 F.Supp. 617 (D.Kan.1973). *See also* 3B Moore's Federal Practice ¶¶ 23.02[2.–9] and 23.02[2.–10] (2d ed. 1978). These decisions are consistent, we believe, with the statement found in the Advisory Committee Notes to the 1966 Amendments to Rule 23: "The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended." 39 F.R.D. 98, 104. Although *Laffey, supra,* was conducted as a Rule 23 class action, *see Laffey v. Northwest Airlines, Inc.,* 321 F.Supp. 1041 (D.D.C. 1971), the opinion of the district court permitting the action to be maintained as a class action under Rule 23 did not discuss the differences between a suit under § 216(b) and a Rule 23 class action, and we decline to follow it.

Therefore, although we permit amendment to bring an Equal Pay Act claim, that claim must be pursued under § 216(b) and not as a Rule 23 class action. Although this dual approach to this case may present certain administrative difficulties for both counsel and the court, we do not believe that they will prove insuperable. On the contrary, we believe that this coordinated approach will provide an efficient means for trying these closely related claims.

■ We turn next to defendant's motion to strike the consents filed in this action. In its motion, defendant contends that:

> Section 216(d) of the Equal Pay Act provides that an action must be brought under that Act, before employees similarly situated to named plaintiffs may file statutory consents to be party plaintiffs. Since no action under the Equal Pay Act exists as yet in this suit, all . . . Consents filed have been filed improperly, without basis in either the Federal Rules or The Equal Pay Act and are therefore void and of no effect as purported pleadings.

Defendant Philadelphia Electric Company's Motion to Strike Consents to be Party Plaintiffs, ¶ 4. An examination of the language of § 216(b), quoted *supra,* reveals however that it is silent as to the sequence in which complaints and consents are to be filed. It simply requires that the written consent must be "filed in the court in which [the action] is brought."

Defendant's position accurately reflects, no doubt, the normal sequence of filing in an Equal Pay Act case. In a routine case, common sense suggests that a complaint would initially be filed and that thereafter persons desiring to become parties would file their consents. This position is supported, we believe, by the wording of 29 U.S.C. § 256. That section appears to anticipate that consents will be filed concurrently with the complaint, or that they will be filed subsequently. Neither § 216(b) nor § 256 specifically provides, however, that consents may not be filed prior to a complaint. Defendant, in effect, asks us to graft that limitation onto § 216(b). In the absence of specific language in the statute, we decline to strike the consents for this reason.

■ The requirement of filing consents serves at least two purposes in a § 216 suit. One is, as the name suggests, to evidence a willingness to be bound by the outcome of the suit. The other, in some circumstances, is to determine the time an action is commenced. *See* 29 U.S.C. § 256. Our decision that the consents need not be stricken merely because they were filed before we permitted plaintiffs to amend their complaint to allege an Equal Pay Act claim means that we will not require the consenting parties to manifest again their willingness to be bound by these proceedings. We accept their current filings as sufficient evidence of their intent. By denying defendant's motion to strike the consents that have been filed, we express no opinion, however, regarding the date that any action to enforce an Equal Pay Act claim may be deemed to have been commenced; that issue has not been briefed by the parties, and we expressly reserve it for a later date.

■ At oral argument on the motion to strike the consents, defendant raised for the first time the theory that certain consents should be stricken because the date the consent was signed differed from the date of notarization. Section 216(b) imposes no requirement, however, that the consents be notarized. It requires only that the consents be in writing. Although this section has been interpreted to require that the consenting party actually sign the consent, *see Kulik v. Superior Pipe Specialties Co.,* 203 F.Supp. 938 (N.D.Ill.1962), defendant has directed us to no case that requires that the consents be notarized. We decline to interpret § 216(b) in a manner that requires notarization. Because we hold that notarization is not required, the discrepancy in dates is not, by itself, sufficient reason to strike any of the consents. Our decision today in no way precludes defendant, however, from attacking the authenticity of any of the individual consents.