Marie KUHN and Dorothy Kupferschmidt and Marie L. Lepping and Janet McClarren, on their own behalf and on behalf of all others similarly situated

.v.

PHILADELPHIA ELECTRIC COMPANY.

Civ. A. No. 77–1107.

United States District Court, E. D. Pennsylvania.

March 10, 1980.

Alice W. Ballard, Philadelphia, Pa., for plaintiff.

Robert W. Maris, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

On March 28, 1977, plaintiffs instituted this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The original complaint included allegations that, *inter alia*, defendant "maintains a practice of discriminating on the basis of gender in hiring, promotion, salaries, and other terms and conditions of employment, to the detriment of females," Complaint ¶ 5, that defendant "pay[s] women lower salaries than men, even where the work performed is comparable and higher qualifications are required of women than men," *id.* ¶ 8, and that "named Plaintiffs were paid lower salaries than males performing comparable work," *id.* ¶ 22. We determined that plaintiffs' action could be maintained as a class action. *Kuhn v. Philadelphia Electric Co.*, 80 F.R.D. 681 (E.D.Pa. 1978). Thereafter Shirley E. Tumelty's motion to intervene was granted. Furthermore, plaintiffs were granted leave to amend their complaint to add a claim based on the Equal Pay Act, 29 U.S.C. § 206(d), in regard to the Customer Services Department. *Kuhn v. Philadelphia Electric Co.*, 475 F.Supp. 324 (E.D.Pa.1979). Plaintiffs were not permitted to prosecute that claim as a Rule 23 class action; we held that the Equal Pay Act claim was controlled by the procedural requirements set out in 29 U.S.C. § 216(b). Most recently we denied plaintiffs' motion to amend to add an addi-

tional Equal Pay Act claim concerning the Finance and Accounting Department. *Kuhn v. Philadelphia Electric Co.*, 85 F.R.D. 86 (E.D.Pa.1979).

Individual consents to be party plaintiffs to the Equal Pay Act claim were filed with the court beginning as early as March, 1979 and were filed up until at least November, 1979. We are now required to determine, based upon the procedural history of this case, when each individual Equal Pay Act claimant's action is deemed to have commenced. Counsel have represented that this question, raised in the context of an original Title VII complaint later amended to add an Equal Pay Act claim, is one of first impression. Our own research has located no cases directly on point.

In order to be a party to a collective action brought under the Equal Pay Act, an individual must file his or her consent with the court in which the action is brought. 29 U.S.C. § 216(b). The statute of limitations for such actions is established by 29 U.S.C. § 255. 29 U.S.C. § 256 elaborates in relevant part that

> In determining when an action is commenced for purposes of section 255 of this title, . . . [a collective or class action] shall be considered to be commenced in the case of any individual claimant—
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) if such written consent was not so filed or if his name did not so appear— on the subsequent date on which such written consent is filed in the court in which the action was commenced.

In plaintiffs' view, the provisions of § 256 create no real hurdle that they must overcome. Plaintiffs contend that both the amendment raising the Equal Pay Act claims and the written consents relate back to the time of filing of the original Title VII class action complaint. *See* Federal Rule of Civil Procedure 15(c). Each individual Equal Pay Act claimant's action would,

under their theory, commence as of March 28, 1977. Defendant, on the other hand, contends that no Equal Pay Act action can begin until August, 1979, when the named plaintiffs filed their written consents with the Court. In defendant's view, there is no relation back whatever on the facts of this case. Furthermore, defendant reads the language of § 256(b) ("if *such* written consent was not so filed . . .") (emphasis supplied) to refer to the written consents of the parties named in the complaint. Under defendant's theory, if the named plaintiffs' consents were not filed at the time the complaint was filed, no individual claimant's action commences until the named plaintiffs file their consents. In our view, neither plaintiffs nor defendants have correctly construed § 256 as it applies to this action.

■ Courts which have considered 29 U.S.C. § 256 have distilled from it two basic prerequisites for the commencement of a § 216(b) suit: a complaint must be filed, and the claimant must file his or her individual written consent. *See, e. g. Groshek v. Babcock & Wilcox Tubular Products Division*, 425 F.Supp. 232 (E.D.Wis.1977); *Kulik v. Superior Pipe Specialties Co.*, 203 F.Supp. 938 (N.D.Ill.1962). Signed consents filed after the filing of the complaint do not relate back to the date the complaint was filed. *Kulik v. Superior Pipe Specialties Co., supra.* Although Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court," 29 U.S.C. § 256 creates an additional requirement in the case of an Equal Pay Act claimant in a collective action: his or her written consent must be filed as well. Section 256 contemplates several sequences, however, in which these dual requirements can be satisfied. First of all, if the claimant is named in the complaint and his or her consent is filed concurrently with the complaint, the claimant's action is commenced at that time. 29 U.S.C. § 256(a). Another possibility is that a claimant is named in the complaint, but he or she does not file a consent along with the complaint. In that event, his or her action is commenced when

the consent is subsequently filed. 29 U.S.C. § 256(b). *See Kulik v. Superior Pipe Specialties Co., supra.* A third possibility is that the claimant was not named in the complaint and did not file a consent at the time the complaint was filed.[1] In that case, subparagraph b of § 256 controls: "if *such* written consent was not filed or if his name did not so appear—on the subsequent date on which *such* written consent is filed in the court in which the action was commenced." (Emphasis supplied). Defendant has parsed this statutory language and concluded that "such written consent" in subparagraph b can logically refer only to the "written consent" mentioned in subparagraph a, that is, the written consent of the named plaintiffs. Under defendant's reading of § 256, no individual claimant's action can begin until the named plaintiffs have filed their written consents, which, defendants continue, did not occur until August, 1979 in this case.

■ We do not accept defendant's reading of the relevant statutory language. Although § 256 may not be a model of grammatical clarity, we believe that the language "such written consent" in subparagraph b refers in the second instance it appears in that subparagraph to the consent of the individual claimant whose action is under consideration, regardless of whether that individual is or is not a named plaintiff. Therefore, in the case of claimants not named in the complaint who filed their individual consents after the complaint was filed, the Equal Pay Act action would commence as of the date on which they filed their consents. We believe this interpretation of § 256 gives sensible effect to Congress's intent in enacting this section and avoids certain technical difficulties raised by defendant's approach. One goal of § 256 is to provide defendants with notice of the claims against which they must defend. This is accomplished, as to any individual claimant, on the date on which his or her consent is filed, regardless of whether the named plaintiffs have by that time filed their consents. Furthermore, defendant's reading of this section would permit a named plaintiff to jeopardize the claims of claimants unnamed in the complaint by failing to file his or her consent, thereby delaying indefinitely the commencement of the other individuals' actions. Such a result would further none of the remedial purposes of the Equal Pay Act. Finally, a strict application of defendant's approach would result in an anomalous result: it would deem a claimant's action commenced once a complaint was filed and the named plaintiff's consent was subsequently filed, even though the individual claimant's consent was not filed as of that date.[2] This is so because under defendant's theory the only consent mentioned in all of § 256 is the consent of the named plaintiff, a result which we find at odds with the general statutory scheme, *see* 29 U.S.C. § 216(b), and the goal of notifying defendants of the claims against which they must defend. We therefore hold that, given the prior or concurrent filing of a complaint, each claimant's Equal Pay Act action is commenced on the date on which his or her consent is filed with the court. Because we agree with plaintiffs that the Equal Pay Act claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint]," Fed.R. Civ.P. 15(c), the amended complaint relates back to March 28, 1977, the date of the original complaint. Therefore, each claimant's Equal Pay Act action shall be considered to have commenced on the date her written consent was filed.

1. Other possibilities exist as well. Consents might be filed before the complaint was filed. Because we deem the amended complaint in this action to relate back, we need not address this situation. Because of the relation back, we treat all consents as having been filed after the filing of the complaint.

2. Defendant has not urged this extreme position on us. Defendant has argued to the contrary, in fact, that actions for claimants whose consents were filed after the consents of the named plaintiffs were filed did not commence until the claimants filed their own consents. In this regard we are in complete agreement with defendant. We suggest, however, that this portion of defendant's argument is inconsistent with its own interpretation of § 256.

Plaintiffs argue, however, that the consents, as well as the amended complaint, should relate back to the date of the original complaint. Defendants, on the other hand, argue that Rule 15's relation back doctrine applies only to pleadings, and that a consent is not a "pleading" as defined by Fed.R.Civ.P. 7. As stated before, a consent filed after the complaint has been held not to relate back to the filing of the complaint. *Kulik v. Superior Pipe Specialties Co., supra.* This holding clearly comports with the explicit language of § 256, which looks to both the filing of the complaint and the filing of the consent to determine when an action is commenced. Therefore, if plaintiffs had originally brought an Equal Pay Act action instead of amending to add one, it is clear that each individual claimant's action would not be considered to have commenced until she had filed her consent. Plaintiffs can fare no better by amendment than by bringing the Equal Pay Act action originally.

We reject plaintiffs' contention that this result is altered in this case because the Equal Pay Act amendment was permitted in a Title VII class action. Irrespective of the effect of the class action mechanism on the Title VII claims, the Equal Pay Act action is not being conducted pursuant to Fed.R.Civ.P. 23. Rule 23's provisions were not intended to have any effect on suits prosecuted under 29 U.S.C. § 216(b). Advisory Committee Notes to the 1966 Amendments to Rule 23, 39 F.R.D. 98, 104. It has been held that "the fact that under Rule 23 the filing of the named plaintiff's complaint does toll the statute of limitations in certain actions has no effect on [a § 216(b) suit] where Rule 23 does not apply." *Groshek v. Babcock & Wilcox Tubular Products Division, supra,* 425 F.Supp. at 234. We hold in this case that the fact that plaintiffs have been permitted by amendment to prosecute a § 216(b) collective action in tandem with a Title VII class action does not obviate the requirements of 29 U.S.C. § 256. Although the amended complaint relates back, no individual Equal Pay Act action shall be considered to have commenced until the date that the individual claimant's consent was filed.