**Darlene PERELLA, on her own behalf and all others similarly situated, Plaintiff,**

v.

**COLONIAL TRANSIT, INC. a/k/a Colonial Taxi Company, Inc. and Mayflower Contract Services, Inc., Defendants.**

**Civ. A. No. 89–669.**

United States District Court, W.D. Pennsylvania.

July 17, 1991.

---

W. Timothy Barry, Dattillo, Barry, Fasulo & Cambest, Pittsburgh, PA, for plaintiff.

Mark Shiffman, Pittsburgh, PA, for defendants.

## MEMORANDUM

STANDISH, District Judge.

In this civil action to recover for nonpayment of overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, plaintiff, Darlene Perella, seeks to represent herself and all others similarly situated pursuant to 29 U.S.C. § 216(b). Section 216(b) provides, in part, that

> No employee shall be a party plaintiff to any [ ] [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

In order to commence properly a class action brought under the FLSA, each purported class member must file a complaint and a written consent within the time allotted by the statute of limitations. This is in direct contrast to Rule 23 of the Federal Rules of Civil Procedure, pursuant to which the mere filing of a complaint on behalf of all others similarly situated tolls the statute of limitations. Stated simply, the FLSA requires class members to opt-in to a class action while Rule 23 includes everyone until they affirmatively opt-out.

Defendants have asserted that because plaintiff's action arises under the FLSA and purported class members have not timely opted-in, the collective action is barred by the applicable statute of limitations. Presently before the court for consideration is the motion of plaintiff to proceed with her claim as a Rule 23 class action or, in the alternative, to amend her complaint to join additional named plaintiffs. For the reasons set forth below, the court concludes that the motions of plaintiff should be denied and the above-captioned civil action deemed an indi-

vidual action by plaintiff Darlene Perella against defendants. The class action allegations of her complaint will be dismissed.

## Statute of Limitations

Both parties have stipulated that the instant action accrued in mid-November of 1988, when the employees received pay checks for the last period for which they allegedly were denied overtime wages.[1] A two-year statute of limitations applies to plaintiff's claim. Title 29, United States Code, Section 255(a) specifically provides that an action under the FLSA "shall be forever barred unless commenced within two years after the cause of action accrued."[2] Thus, the time in which to commence this lawsuit was mid-November of 1990.

Section 256 provides further clarification concerning the timeliness of the commencement of a class action brought under § 216(b).

### § 256. Determination of commencement of future actions

In determining when an action is commenced for purposes of section 255 of this title, ... [a collective or class action] shall be considered to be commenced in the case of any individual claimant—

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear— on the subsequent date on which such written consent is filed in the court in which the action was commenced.

■ The statutory language makes clear that the filing of the consent may come after the filing of the complaint, but that a claim is not asserted, for purposes of the statute of limitations, until both the complaint and the claimant's individual written consent are filed. *See Kuhn v. Philadelphia Elec. Co.,* 487 F.Supp. 974, 975 (E.D.Pa.1980) (citing *Groshek v. Babcock and Wilcox Tubular Products Div.,* 425 F.Supp. 232 (E.D.Wis. 1977) and *Kulik v. Superior Pine Specialties Co.,* 203 F.Supp. 938 (N.D.Ill.1962)), *aff'd,* 745 F.2d 47 (3d Cir.1984).

■ Plaintiff timely filed her complaint on March 31, 1989. It is undisputed, however, that no written consent to become a party to the lawsuit has been filed by any plaintiff, named or unnamed. Neither party disputes the fact that the time in which to file the consent forms, and thereby commence the action, lapsed prior to the filing of the instant motion. The court concludes that the time in which to commence this FLSA claim on behalf of any class member has expired, and that plaintiff, and all others similarly situated as class members, are barred from pursuing an FLSA class action.

## Rule 23

■ Plaintiff has requested the court to permit her cause of action to proceed as a class action under Fed.R.Civ.P. 23. The reason is clear. By way of this alternate route the action would not be time barred because the mere filing of the complaint would have tolled the statute of limitations. In an effort to convince the court that such action would be proper, plaintiff relies on a recent case from the United States Supreme Court, *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). After carefully reviewing that case, it is clear that plaintiff's reliance is misplaced because *Sperling* is inapposite to the issue presently before the court.

The Supreme Court itself identified and articulated the precise issue presented by *Sperling:*

> § 255(a). Plaintiff does not allege that defendants acted willfully to violate the FLSA. Nor has she ever argued that the three-year statute of limitations applies. Moreover, the fact that the statute of limitations has run on this action has been discussed at conferences involving counsel for both parties and the court and, indeed, is the very subject matter of the instant motion.

---

1. Defendant Mayflower began paying overtime to its employees when it assumed control of the operations of defendant Colonial, on or about November 5, 1988.

2. The court notes that § 255(a) further provides that a "cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C.

As it comes before us, this case presents the narrow question of whether, in an ADEA action, district courts may play any role in prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought.

*Sperling,* 493 U.S. at 169, 110 S.Ct. at 486, 107 L.Ed.2d at 488.[3] The court then went on to hold that

district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) (1982 ed.), as incorporated by 29 U.S.C. § 626(b) (1982 ed.), in ADEA actions by facilitating notice to potential plaintiffs. The facts and circumstances of this case illustrate the propriety, if not the necessity, for court intervention in the *notice process.*

*Id.* (emphasis added).

Plaintiff cites to several portions of the Supreme Court decision. To the extent that plaintiff argues it is proper for a district court to exercise managerial control over a class action, she is correct that *Sperling* supports her position. However, the case does not suggest that such court management affects, in any way, the application of the limitation provision of Section 255(a) or the opt-in requirements of Section 256.

Plaintiff has not offered, nor has the court found, any authority to support the notion that an action to recover overtime wages pursuant to the FLSA may proceed under Rule 23. Quite to the contrary, case law supports defendant's position that Rule 23 class actions and § 216(b) collective actions are separate and distinct, and cannot be used in conjunction with one another.[4] Accordingly, plaintiff's motion to proceed under Fed. R.Civ.P. 23 must be denied.

 However, the court concludes that Ms. Perella can proceed with her claim as an individual action because it was timely commenced in accordance with § 256 which provides that an action "shall be considered to be commenced on the date when the complaint is filed." 29 U.S.C. § 256. The special provision pertaining to the filing of written consents applies only to collective actions. *See* discussion on page 149, *infra.* The above-captioned civil action, therefore, shall be deemed an individual action.

### Rule 15(c)

As an alternative to proceeding under Fed.R.Civ.P. 23, plaintiff has moved, pursuant to Fed.R.Civ.P. 15(c), to amend her complaint to add plaintiffs not named in the original filing who are clearly time barred from bringing new actions on their own. Until plaintiff files a proposed amended complaint identifying the additional plaintiffs sought to be joined and a memorandum of law stating why the proposed amendment should relate back to the date of the original filing and would not be barred by the statute of limitations, the court cannot consider the merits of the motion. Accordingly, the court concludes that plaintiff's motion to amend her complaint will be denied without prejudice to plaintiff's right to so move again.

---

3. The fact that the *Sperling* action was brought under the ADEA, and not the FLSA, does not affect plaintiff's reliance because the provision in the ADEA, requiring class members to file written consents, comes from § 216(b) of the FLSA.

4. *See, e.g., Schmidt v. Fuller Brush Co.,* 527 F.2d 532 (8th Cir.1975) (circuit court, adopting views of fifth circuit "relating to irreconcilability of § 16(b) of the Fair Labor Standards Act and Fed.R.Civ.P. 23", issued writ of mandamus directing district court to vacate order certifying FLSA action as a Rule 23 class action); *LaChapelle v. Owens–Illinois, Inc.,* 513 F.2d 286, 289 (5th Cir.1975) ("Rule 23 cannot be invoked to circumvent the consent requirement of . . . FLSA § 16(b)"); *Groshek v. Babcock and Wilcox Tubu-*

*lar Products Div.,* 425 F.Supp. 232, 234 (E.D.Wis. 1977) ("This court has no authority under the FLSA to adopt portions of Rule 23 procedures and apply them to an action brought under the [FLSA]"); *Jackson v. University of Pittsburgh,* 405 F.Supp. 607, 612 (W.D.Pa.1975) ("Equal Pay Act's class action provisions [29 U.S.C. § 216(b)] are distinct and independent of those of Rule 23"); *Lombardi v. Altemose Constr. Company, Inc.,* 69 F.R.D. 410, 411 (E.D.Pa.1975) ("Rule 23 class action devise may not be utilized in FLSA suits"). *See also Dolan v. Project Constr. Corp.,* 725 F.2d 1263 (10th Cir.1984) for general discussion of the difference between Rule 23 and § 216(b).