**Rayne N. SONGU–MBRIWA, Plaintiff,**

v.

**DAVIS MEMORIAL GOODWILL INDUSTRIES, et al.,**
**Defendants.**

**Civ. A. No. 92–1578.**

United States District Court,
District of Columbia.

Oct. 8, 1992.

Morgan J. Hallmon, Chevy Chase, Md., for plaintiff.

Arthur P. Rogers, Whiteford, Taylor & Preston, Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are defendants' motion to dismiss the class action portion of plaintiff's complaint, plaintiff's opposition, defendants' reply, plaintiff's response to the reply, and defendants' motion to strike the response. Also before the Court is plaintiff's motion to amend her complaint and defendants' opposition thereto. Plaintiff filed suit, individually and as representative of a Rule 23 class, alleging violations of the Equal Pay Act. Defendants seek to dismiss plaintiff's class action claim, maintaining that 29 U.S.C. § 216(b) of the Equal Pay Act precludes class actions or, alternatively, that plaintiff has failed to meet the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to amend her complaint to add class allegations under § 216(b).

■ Under the Equal Pay Act, "[n]o employee shall be a party plaintiff to any [collective or class] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Therefore, to be part of a "class" suing under the Equal Pay Act, would-be plaintiffs must "opt in" to the class. *Thompson v. Sawyer,* 678 F.2d 257, 269 (D.C.Cir.1982). Accordingly, "[s]uits for recovery under the Equal Pay Act differ from the mainstream of class actions under the Federal Rules." *Id.*

■ Here, no potential members of plaintiff's "class" have opted in; instead plaintiff's complaint attempts to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. *See* Complaint, ¶ 26. This, as she belatedly acknowledges in her response to defendants'

reply, she cannot do.[1] *See LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288–89 (5th Cir.1975). Therefore, the Court strikes plaintiff's Rule 23 class allegations from her complaint.

As to plaintiff's motion to amend her complaint to bring a proper class action pursuant to § 216(b), the Court denies the motion. The Court recognizes that "leave [to amend] shall be freely given when justice so requires." *See* Fed.R.Civ.P. 15(a). Here, however, the motion for leave to amend was filed on September 8, 1992. Even if the Court were to allow the motion and the amended complaint were deemed filed as of that date, or deemed to relate back to the filing of the original complaint, plaintiff is barred by the statute of limitations because she has not filed a written consent to be a party plaintiff as required by § 216(b). Until a plaintiff, even a named plaintiff, has filed a written consent, she has not joined in the class action, at least for statute of limitations purposes. 29 U.S.C. § 255 ("[A]n action ... shall be considered to be commenced ... in the case of a collective or class action ... in the case of any individual claimant ... on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed...."); *see Kuhn v. Philadelphia Elec. Co.*, 487 F.Supp. 974, 976 (E.D.Pa.1980), *aff'd*, 745 F.2d 47 (3rd Cir.1984). Even if plaintiff were now to file a written consent, it would not relate back to the date of her original or amended complaint. *See Kuhn*, 487 F.Supp. at 975 (citing *Kulik v. Superior Pipe Specialties Co.*, 203 F.Supp. 938 (N.D.Ill.1962)). As defendants note in their opposition, the latest possible date on which plaintiff's cause of action accrued was August 28, 1989, when she submitted her resignation to defendants. Accordingly, since she has not filed a written consent,

her class action allegations are barred by the statute of limitations. *See* 29 U.S.C. § 255 (requiring that suits be filed within two years, or three years if the violation is willful, of accrual of a cause of action). Therefore, the Court does not find that the interests of justice would be served by allowing her to amend her complaint. Plaintiff may proceed on her individual claim.

Accordingly, for the reasons stated above, it hereby is

ORDERED, that plaintiff's class action allegations pursuant to Rule 23 are stricken from her complaint. It hereby further is

ORDERED, that defendants' motion to strike is denied. It hereby further is

ORDERED, that plaintiff's motion to amend her complaint is denied.

SO ORDERED.

---

1. The Court notes its frustration with plaintiff's counsel. The Court finds it difficult to believe that counsel researched adequately his opposition, given that in his response to defendants' reply brief he "acknowledges" on plaintiff's behalf that Rule 23 does not apply to Equal Pay Act claims. The Court had already expended time researching the issue; time which would have been saved had counsel more fully briefed the Court in his opposition. In addition, by filing a technically improper "response" brief, plaintiff prompted defendants' motion to strike. Although the Court denies defendants' motion to strike the response pleading, the Court reminds plaintiff's counsel that he must follow the Local and Federal Rules.