645 F.2d 757
 24 Wage & Hour Cas. (BN 1369, 91 Lab.Cas. P 34,014
 Ralph G. PARTLOW, Robert P. Simonelli, Lauren Burton, Ann
Bartelstein on behalf of themselves and all other
persons similarly situated, Plaintiffs-Appellees,
v.
JEWISH ORPHANS' HOME OF SOUTHERN CALIFORNIA, INC., a
California corporation doing business as Vista Del
Mar Child Care Service, Defendant-Appellant.
 No. 78-2961.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1980.
Decided May 18, 1981.
 
 1
 Peter M. Appleton, Tyre & Kamlins, Los Angeles, Cal., for defendant-appellant.
 
 
 2
 Kent Burton, Baker & Burton, Venice, Cal., for plaintiffs-appellees.
 
 
 3
 Appeal from the United States District Court for the Central District of California.
 
 
 4
 Before NELSON and CANBY, Circuit Judges, and LARSON,* District judge.
 
 
 5
 LARSON, District Judge.
 
 
 6
 Plaintiffs filed this action on May 23, 1977, in the United States District Court for the Central District of California, alleging that the defendant ("Vista") had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by failing to pay adequate overtime compensation to its employees. The four plaintiffs named in the complaint, members of the child care staff at Vista, sought to maintain the lawsuit as a class action under the provisions of 29 U.S.C. § 216(b). Shortly after filing the complaint, counsel for the named plaintiffs, without leave of court, sent letters to current and former employees of Vista soliciting their consent to become parties to the lawsuit.[1] Named plaintiffs' counsel subsequently filed with the court "consents" from sixty-nine Vista employees who wished to join the lawsuit.
 
 
 7
 The district court found that counsel's communication with the consenting Vista employees, although made in good faith, was "clearly contrary to law." The court then ordered that:
 
 
 8
 (1) the consents were improperly filed and ineffective;
 
 
 9
 (2) the clerk of court would notify each person on whose behalf an ineffective consent had been filed; and
 
 
 10
 (3) the statute of limitations for filing suit under the FLSA would be tolled for a period of forty-five days to allow those employes whose consents were ineffective to file a proper consent with the court.[2]
 
 
 11
 The district court then certified its order as appealable under 28 U.S.C. § 1292(b) and cited the new court notice and the tolling of the statute of limitations as the controlling questions of law, the resolution of which would materially advance the litigation. This court granted defendant permission to take an interlocutory appeal. For the reasons stated below, we affirm.
 
 
 12
 The procedures for instituting a class action under the FLSA differ significantly from the procedures mandated under Rule 23 of the Federal Rules of Civil Procedure. Courts have uniformly held that the standard Rule 23 procedures court-directed notice to members of a certified class who must affirmatively request to be excluded from the lawsuit to avoid becoming a party are inapplicable in an FLSA action. Kinney Shoe Corp. v. Vorhes, 564 F.2d 859, 862 (9th Cir. 1977); Schmidt v. Fuller Brush Co., 527 F.2d 532, 536 (8th Cir. 1975); LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975). Under the FLSA, a member of the class who is not individually named in the complaint is not a party to the lawsuit unless he affirmatively "opts in" by filing a written consent with the court. 29 U.S.C. §§ 216(b), 256. See also Kinney, supra, at 862.
 
 
 13
 In addition to the converse methods of becoming a party plaintiff, the FLSA and Rule 23 class actions differ in another very significant respect: the FLSA contains no specific authority for giving notice to class members who are potential party plaintiffs. Rule 23, of course, provides for court-directed notice to class members. The absence of a notice procedure in the FLSA creates some difficulty for named plaintiffs who seek to maintain a class action, yet are not permitted to notify other class members of the pendency of the action. Nevertheless, most courts that have interpreted the FLSA, including this court, have held that neither the named plaintiffs, their counsel, nor the court have the power to provide notice to FLSA class members. Id. at 863. Locascio v. Teletype Corp., 74 F.R.D. 108, 112 (N.D.Ill. 1977); Roshto v. Chrysler Corp., 67 F.R.D. 28, 30 (E.D.La. 1975); McGinley v. Burroughs Corp., 407 F.Supp. 903, 911 (E.D.Pa. 1975). Contra, Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.2d 335, 336 (2d Cir. 1979); Cantu v. Owatonna Canning Company, No. 3-67-Civil 374 (D.Minn. April 12, 1978). Unlike a class member in a Rule 23 action, the FLSA class member who is not notified and does not consent is not bound by an adverse judgment and is not barred from filing an individual claim. Kinney, 564 F.2d at 862. Kinney makes clear that under the law of this circuit, named plaintiffs' counsel had no power to solicit the class members. Id. The district court quite properly found that the resulting "consents" were ineffective.
 
 
 14
 Vista urges us to adopt the viewpoint that the Kinney decision also prohibits the district court from notifying each person on whose behalf an ineffective consent was filed. Vista views Kinney as having imposed a broad prohibition against FLSA notice at any time. We do not agree. To the very peculiar factual circumstances involved in the court-proposed notice in this case, we find the Kinney notice prohibition to be inapplicable. Kinney involved an FLSA class action in which notice had not been sent to class members. The district court there permitted the named plaintiffs to send notice and consent-to-join forms to potential plaintiffs, and the defendant took an interlocutory appeal. This court held that due process did not require potential FLSA plaintiffs to be notified of a pending lawsuit and that the district court did not have the power under the FLSA to permit notice to be sent. Id. Since any judgment rendered in the case would not be binding on any person who did not receive notice and opt in, the court reasoned, due process did not require notice and the court, lacking any specific statutory authority, did not have the power to order that notice be given. Id. at 864. See Pan American World Airways, Inc. v. United States District Court for the Central District of California, 523 F.2d 1073, 1077 (9th Cir. 1975).
 
 
 15
 What Kinney did not directly determine, however, is whether due process requires the court, in a case such as this one, to provide notice to potential plaintiffs who have already received notice, albeit improperly, and as a result have opted to join the lawsuit. Unlike in Kinney, the potential plaintiffs in this case who opted in after the improper notice have a very substantial interest that is threatened the right to bring a lawsuit to recover alleged underpayment of wages an interest that they have indicated by written consent that they wish to protect. Were it not for the solution purposed by the district court, these sixty-nine individuals would be barred by the FLSA statute of limitations from instituting a collective action to which they filed timely consents that, through no fault of their own, were subsequently found invalid. We are persuaded that due process considerations not present in Kinney require the district court to give notice to the sixty-nine current and former Vista employees who earlier filed ineffective consents. " '(D)ue process is flexible and calls for such procedural protections as the particular situation demands.' " Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)). "(T)he trial court has an obligation to those not before it to ensure that they are apprised of proceedings that may finally affect them; ..." In re Gypsum Antitrust Cases, 565 F.2d 1123, 1127 (9th Cir. 1977). See also Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).
 
 
 16
 Furthermore, we think that the rationale of Kinney and Pan American World Airways, Inc., when applied to the factual circumstances of this case, supports the notice process ordered by the district court. As this court stated in Kinney,
 
 
 17
 in any action in which persons who do not affirmatively opt in will not be bound by the outcome, notice is not compelled by due process because the employees' right to litigate will not be compromised merely by their absence from the class proceedings.
 
 
 18
 Kinney, 564 F.2d at 864. See Pan American World Airways, Inc., 523 F.2d at 1077. In this case, the employees' right to litigate, a right which they affirmatively exercised, will be compromised if notice is not provided. Thus, we find that notice is compelled by due process considerations under the reasoning of the Kinney decision. The consenting plaintiffs cannot be excluded from this lawsuit.
 
 
 19
 Vista also contends that the FLSA statute of limitations cannot be tolled in order to permit any of the sixty-nine employees to file a proper consent. The district court ordered the statute tolled for forty-five days. It is true that the FLSA statute of limitations continues to run until a valid consent is filed. 29 U.S.C. § 256(b); Montalvo v. Tower Life Building, 426 F.2d 1135, 1149 (5th Cir. 1970); Kuhn v. Philadelphia Electric Co., 487 F.Supp. 974, 975 (E.D.Pa. 1980). However,
 
 
 20
 (t)he basic question to be answered in determining whether, under a given set of facts, a statute of limitations is to be tolled, is one "of legislative intent whether the right shall be enforceable ... after the prescribed time."
 
 
 21
 Burnett v. New York Central Railroad, 380 U.S. 424, 426, 85 S.Ct. 1050, 1053, 13 L.Ed.2d 941 (1965) (quoting Midstate Horticultural Co. v. Pennsylvania Railroad, 320 U.S. 356, 360, 64 S.Ct. 128, 130, 88 L.Ed. 96 (1943)).
 
 
 22
 The FLSA is silent on the question whether the statute of limitations may be suspended for any cause. Several decisions, however, have discussed tolling the FLSA statute. In Hodgson v. Humphries, 454 F.2d 1279, 1283-84 (10th Cir. 1972), the Tenth Circuit held that 29 U.S.C. § 255 establishes only a procedural limitation period and was thus subject to tolling. Similarly, in Ott v. Midland Ross, 523 F.2d 1367, 1370 (6th Cir. 1975), the Sixth Circuit found that § 255 should be read as a procedural limitation that may be avoided when equity warrants. Moreover, courts have often stated that equitable tolling is read into every federal statute of limitations. Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 421 (1946).
 
 
 23
 (I)t is the established rule that exceptions to a statute of limitations will not be implied, .... Nevertheless, most courts recognize a limited class of exceptions arising from necessity, as in the case of inability to bring suit or to exercise one's remedy, .... In such instances of necessity, the running of the statute of limitations may be suspended even though no exceptions or causes of suspension are mentioned in the statute itself.
 
 
 24
 Fulton v. NCR Corp., 472 F.Supp. 377, 383-84 (W.D.Va. 1979) (quoting 51 Am.Jur.2d, Limitation of Actions § 139, p. 710 (1970)).
 
 
 25
 Vista quite correctly points out that the policy underlying the equitable estoppel doctrine is that of preserving the plaintiff's day in court despite defendant's wrongful conduct, and that in this case, Vista has done nothing wrong. Any prejudice suffered by the sixty-nine employees is the result of the improper conduct of the named plaintiffs' counsel, Vista asserts, and a party is responsible for the improper actions of his counsel. Link v. Wabash Railroad, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390-91, 8 L.Ed.2d 734 (1962). Despite the Link rule, we do not believe that the consenting employees in this case should be assigned the responsibility for the actions of named plaintiffs' counsel in soliciting their participation. Several factors persuade us that a strict application of the Link rule is not warranted under the facts of this case. First, the consenting employees were clearly without fault. Second, the practical effect of not tolling the statute would be to bar forever any claim the consenting employees might have against Vista under the FLSA. Furthermore, the solicitations were made in good faith. Under such circumstances, it would simply be improper to deprive the consenting employees of their right of action. Cf. Anderson v. Air West, Inc., 542 F.2d 522, 526 (9th Cir. 1976). See also Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972).
 
 
 26
 Furthermore, in addition to the fact that tolling is necessary to effectuate our ruling on the district court's notice procedure, it has policy justifications as well. Statutes of limitations are designed to ensure fairness to defendants and to notify them of claims that they must defend before the claims grow stale. See Burnett, 380 U.S. at 428, 85 S.Ct. at 1054. In this case, Vista was notified of the claims of the consenting employees within the statutory period by the filing of the improper consents. To require Vista to defend these claims thus will not result in a substantial hardship. We find that the FLSA does not bar the district court-imposed suspension of the statute of limitations and that such tolling is supported by substantial policy reasons. The statute should be tolled under the facts present in this case.
 
 
 27
 Our ruling in this case should not be read to condone in any manner the actions of the named plaintiffs' counsel in breaching applicable rules of professional conduct. We do, however, accept the district court finding that the solicitations were made in good faith. Because resolution of the other issues raised by the parties but not certified as controlling issues of law by the district court[3] would not materially advance this litigation, we decline to consider them. See, e. g., Bersch v. Drexel Firestone Inc., 519 F.2d 974, 994 (2d Cir. 1975), cert. denied, 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1976); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir.) (en banc), cert. denied, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). Rather, we believe that the district court can properly resolve those issues at this time.
 
 
 28
 The Order of the district court is affirmed.
 
 
 
 *
 Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 Specifically, in the letters the employees were informed that a lawsuit had been brought against Vista, that entry into the action would not involve any court or attorney fees and probably would not involve any court appearances, and that if they did not sign the enclosed consent form, they would not be a party to the action and would not be entitled to any damage award
 
 
 [2]
 The district court also prohibited named plaintiffs' counsel from communicating, prior to the filing of a new consent, with any person named in any of the ineffective consents or cooperating with the named plaintiffs in instituting communications with those persons. However, the court did not disqualify named plaintiffs' counsel from eventually representing the new consenting parties, but did advise counsel that if the plaintiffs prevail and request attorneys' fees, the court would take into account the solicitation of the ineffective consents
 
 
 [3]
 See note 2 supra