Phyllis M. OWENS, et al, Plaintiffs,

v.

BETHLEHEM MINES
CORPORATION, Defendant.

Civ. A. No. 83–2411.

United States District Court,
S.D. West Virginia,
Charleston Division.

March 17, 1986.

J. Michael Ranson, Guy R. Bucci, Charleston, W.Va., for plaintiffs.

E. Forrest Jones, Jr., Albertson & Jones, Charleston, W.Va., for plaintiff Nekoranec.

Cheryl Harris Wolfe, David D. Johnson, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

This case is again before the Court on the Defendant's motion for summary judgment. The facts of this ADEA action were recited by the Court in an earlier opinion and do not need repeating here. Some background, however, is necessary on the procedural history leading up to the instant motion.

### I. *Background*

On August 25, 1983, Phyllis Owens filed her complaint charging the Defendant with age discrimination. She moved to file an amended complaint on June 6, 1984. The amended complaint asserted that Owens was bringing her action as a class action on behalf of herself and others similarly situated. At that time she also moved to certify the class. The motion had been fully briefed by July 6, 1984.

Richard Carrico filed suit in August of 1984. In his complaint, he too asked that his action be allowed to proceed as a class action.

On April 2, 1985, a motion was filed to consolidate the Owens and Carrico cases. The question was fully briefed. On November 21, 1985, the Court issued a Memorandum Opinion and Order consolidating the two actions and certifying a class of prospective Plaintiffs. The Court decreed that any Plaintiff wishing to join the litigation must file a written consent with the Clerk's Office no later than January 1, 1986. As a result of this opt-in procedure, two Plaintiffs chose to join this litigation: Joseph J. Nekoranec and Rexall Stanley. Nekoranec filed his consent on December 27, 1985, and Stanley filed his on December 30, 1985.

The Defendant now moves for summary judgment as to Plaintiffs Nekoranec and Stanley on the ground that their claims are barred by the statute of limitations. That issue was not before the Court when the November 21, 1985, Order was issued; consequently, it was not then addressed. The Court now turns to the question of whether the claims of Nekoranec and Stanley are time barred.

### II. *Discussion*

■ The ADEA incorporates by reference the statute of limitations found in

Section 6 of the Portal-to-Portal Pay Act, 29 U.S.C. § 626(e). The limitation period under that section for a willful violation is three years. The parties agree that the Plaintiffs have charged the Defendant with willful violations of the ADEA. Hence, a three-year period is herein applicable.

■ The statutory provision which the Defendant particularly relies upon in arguing timeliness relates to the time at which an action is deemed to commence for purposes of tolling the statute of limitations. Section 7 of the Portal-to-Portal Pay Act provides as follows:

"In determining when an action is commenced for the purposes of section [6] ..., an action ... shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action ... it shall be considered to be commenced in the case of any individual claimant—

(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

(b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed with the court in which the action was commenced."

29 U.S.C. § 256. Plaintiffs Nekoranec and Stanley are governed by the provisions of paragraph (b). Their names did not appear on the original complaints, nor did they file their written consents contemporaneously with the complaints. Rather, they filed their written consents sometime after the complaints were filed: December 27, 1985, and December 30, 1985, respectively. The courts are in agreement that such consents do not relate back to the date the original complaint was filed. *See e.g., EEOC v. Gilbarco, Inc.,* 615 F.2d 985 (4th Cir.1980); *EEOC v. Chrysler Corporation,* 546 F.Supp. 54 (E.D.Mich.1982), *affirmed,* 733 F.2d 1183 (6th Cir.1984); *Kuhn v. Philadelphia Electric Co.,* 487 F.Supp. 974 (E.D. Pa.1980), *affirmed,* 745 F.2d 47 (3d Cir. 1984).

■ Focusing on the other end of the spectrum, the Court does not find much dispute about when the statute of limitations began to run on the two Plaintiffs. In a discrimination action, such as this one, it is well settled that the statute of limitations begins to run from the date the alleged discriminatory act occurred. *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Both Plaintiffs acknowledge that they were informed in late September or early October of 1982 that their employment with the Defendant would be terminated as of the end of October, 1982. The alleged discriminatory act occurred at the date when the employment decision was announced to the Plaintiffs. *Id.* So, the statute of limitations began running sometime in late September or early October of 1982. A date certain determination is not necessary for the disposition of this motion.

Calculating the time from late September or early October, 1982, to December 27 and 30 of 1985, it becomes apparent that Nekoranec and Stanley have not complied with the three-year statute of limitations for willful violations of the ADEA. This conclusion would end the discussion were it not for the argument of the Plaintiffs that equity demands an exception be made to the bar of the statute of limitations.

■ The statute of limitations applicable to an ADEA action, that is, section 6 of the Portal-to-Portal Pay Act, has been interpreted as a "conventional procedural statute of limitations." *Hodgson v. Humphries,* 454 F.2d 1279 (10th Cir.1972). As a procedural limitation period, it does not have to be "exercised in strict conformity with the statute." *Ott v. Midland Ross,* 523 F.2d 1367 (6th Cir.1975). Hence, it is subject to the equitable measures of waiver, estoppel and tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

The Fourth Circuit in *Price v. Litton Business Systems, Inc.,* 694 F.2d 963 (4th Cir.1982), considered the theory of eq-

uitable estoppel in relation to the 180–day limitations period for filing a charge with the EEOC. The plaintiff in *Price* had filed his administrative charge outside the period. He argued, however, that the defendant employer should be estopped from asserting the timeliness defense. He produced evidence that after the decision was made to discharge him, he had a series of communications with the defendant concerning his future with the company. The defendant having left open the possibility of his services being utilized elsewhere in the company, the plaintiff contended that the 180–day filing period was tolled during that period of discussion. The court, however, held that the theory of equitable estoppel would not toll that statute of limitations "unless the employee's failure to file in timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakenly have understood would cause the employee to filing his charge." *Id.* at 965. *See also, Lawson v. Burlington Industries, Inc.,* 683 F.2d 862 (4th Cir.), *cert. denied,* 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982).

Perhaps hoping to fulfill the requirement of employer misconduct, the Plaintiffs point to the Defendant's "vigorous opposition" of the motion to certify as a ground for why it should now be estopped from asserting the statute of limitations. The Court finds the Plaintiffs' argument to fall far short of the standard established by the Fourth Circuit. The Defendant should not be penalized for trying to protect its interests. It had the right to oppose the motion to certify and it did so with a fair measure of industry and talent. Perhaps a defense asserted in bad faith would serve to toll the statute of limitations, but such is not the case here. Indeed, the Court notes that the record is devoid of any evidence which suggests that estoppel can be used against the Defendant.

In contrast to examining the Defendant's conduct, the emphasis in considering equitable tolling is on the Plaintiff. "Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act." *Felty v. Graves-Humphreys Co.,* 785 F.2d 516 (4th Cir.1986). In this sense, the Plaintiffs have offered nothing to show excusable neglect of the discovery of discrimination. Nevertheless, the Court believes the unique facts of this case constitute an instance when equitable modification is just.

The issue of class certification first came before this Court on June 6, 1984. Through no fault of the Plaintiffs or the Defendant, the motion to certify was not ruled upon until November 21, 1985. In a *Rule* 23 class action, the running of the statute of limitations for the individual plaintiffs is suspended during the pendency of the class certification question. *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Admittedly, this class action is not controlled by *Rule* 23. *See e.g., LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286 (5th Cir.1975). Only one court has had occasion to consider the tolling effect of class certification under this type of class action. In *Groshek v. Babcock and Wilcox Tubular Products Division,* 425 F.Supp. 232 (E.D.Wis.1977), the court held that the statute of limitations was not tolled pending a determination of the maintainability of the action as a class action. The Court has no quarrel with the methodology of the *Groshek* court. Its approach, however, assumes a timely ruling on the class certification question. Under the facts of this case, the Court chooses to follow the example of the court in *Partlow v. Jewish Orphans Home of Southern California, Inc.,* 645 F.2d 757 (9th Cir.1981).

The *Partlow* court confronted a situation where the written consents of various plaintiffs to opt-in to a FLSA class action were found to be invalid because they were solicited unethically by the plaintiff's counsel. Facing the bar of the statute of limitations, the district court tolled the statute of limitations to allow the affected plaintiffs to file new consents. Although the facts

are distinct from those of this case, the *Partlow* decision supports the decision that the statute of limitations may be modified when it is equitable to do so.

█ In this case, Plaintiffs Nekoranec and Stanley opted-in when they were given the opportunity to do so. The Court can only conclude that had an earlier decision been made on the class certification question, those two would have followed a similar course. It must also be noted that given the charges filed with the EEOC and the names which came up during the briefing of the certification issue, the Defendant should not be surprised or prejudiced by the inclusion of Nekoranec and Stanley in this action. As the *Partlow* court noted, "[s]tatutes of limitations are designed to ensure fairness to defendants and to notify them of claims that they must defend before the claims grow stale." *Id.* at 761.

### III. *Conclusion*

The Court believes this result to be consistent with the remedial goals of the ADEA and faithful to the admonition that said act "is humanitarian legislation which must be interpreted in a humane and commonsensical manner." *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 192 (3d Cir. 1977). Accordingly, the Court denies the motion for summary judgment as to the Plaintiffs Nekoranec and Stanley. The question of Nekoranec's back pay having been raised late in the briefing, the Court reserves a ruling on the issue pending further development.