Gary HOSKING, Individually, and on Behalf of All Others Similarly Situated, Plaintiff,

v.

NEW WORLD MORTGAGE, INC., and New World Capital Holdings, Inc., Defendants.

No. 07–CV–2200 (ADS)(ARL).

United States District Court, E.D. New York.

March 9, 2009.

Erik H. Langeland, Esq., New York, NY, for Plaintiff.

Dandeneau & Lott, by Gerald V. Dandeneau, Esq., of Counsel, Melville, NY, for Defendant New World Capital Holdings, Inc.

Presently Unrepresented: Westerman Ball Ederer Miller & Shapiro, LLP, by Richard F. Harrison, Esq. and William Edward Vita, Esq., of Counsel, Mineola, NY, for Defendant New World Mortgage Inc.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

### I.  BACKGROUND

This case has a complex procedural history.  The plaintiff commenced this action

by filing a complaint on May 31, 2007, claiming failure to pay overtime wages to the plaintiff and similarly situated loan officers employed by the defendants in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* On July 30, 2007, the Court entered a default against the defendants, New World Mortgage, Inc. ("New World Mortgage") and New World Capital Holdings, Inc. ("New World Capital") for failure to appear in the action and referred the matter to United States Magistrate Judge Arlene R. Lindsay for a determination of damages.

Thereafter, on August 14, 2007, before a damages determination was made, New World Capital moved to set aside the default. On September 10, 2007, the Court entered an order vacating the default as to New World Capital. Two days later, New World Mortgage also moved to vacate the judgment of default as against it. On February 5, 2008, the Court vacated the default of New World Mortgage. In its February 5, 2008 Order the Court gave New World Mortgage twenty days to answer or otherwise move with respect to the complaint. New World Mortgage filed an answer to the complaint on February 21, 2008.

On February 22, 2008, counsel for New World Mortgage, Westerman Ball Ederer Miller & Sharfstein, LLP, moved to withdraw as attorneys for that entity. On March 26, 2008, the Court entered an Order providing that "[t]he firm of Westerman Ball Ederer Miller & Sharfstein, LLP is relieved as attorneys of record ... provided New World Mortgage Inc. obtains substitute counsel within 30 days of the entry of this Order." In addition, the Court ordered that "[i]n the event New World Mortgage Inc. cannot secure substitute counsel, the Court shall entertain a motion to enter a judgment by default against New World Mortgage Inc." The

plaintiff's renewed motion for a default judgment was granted on July 21, 2008 and the matter was again referred to Judge Lindsay for a determination of damages.

In the meantime, on March 27, 2008, the plaintiff moved to amend the complaint to: (1) add officers of New World Mortgage and New World Capital as individual defendants; (2) add a New York state-law cause of action for failure to pay overtime and minimum wages; and (3) add a claim for failure to pay minimum wages under the FLSA. In addition, on June 26, 2008, the plaintiff filed a motion to equitably toll the statute of limitation with regard to potential "opt-in" plaintiffs who have not yet joined in the action. Both motions stand unopposed.

■ Finally, on January 6, 2009, Judge Lindsay issued a Report recommending that the calculation of damages with respect to New World Mortgage be postponed until the matter is resolved as to the non-defaulting defendant New World Capital. The Court agrees that a determination of damages as to New World Mortgage is premature at this time. Accordingly, the calculation of damages and entry of final judgment against New World Mortgage is stayed until after resolution of the action as to all defendants.

## II. DISCUSSION

### A. As to the plaintiff's motion to amend the complaint

■ Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." However, where as here, a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of

the adverse party; and leave shall be freely given when justice so requires." A court should deny leave to amend only if there is delay, bad faith, futility, or prejudice to the non-moving party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.,* 404 F.3d 566, 604–05 (2d Cir.2005) (stating that leave to amend "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party") (quoting *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987)).

As an initial matter, by order dated August 22, 2008, Judge Lindsay established January 2, 2009 as the final date to move to amend the pleadings or for joinder of additional parties. The plaintiff filed his motion on March 27, 2008, well before the court-established deadline. Accordingly, the Court finds that the plaintiff's motion was timely filed and not the result of any undue delay.

■ A determination that a proposed claim is futile is dictated by the same standards that govern a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See A.V. by Versace, Inc. v. Gianni Versace, S.p.A.,* 160 F.Supp.2d 657, 666. (S.D.N.Y.2001); *Rotblut v. 333 E. 66th St. Corp.,* No. 96CV5228, 1996 WL 586353, at *1 (S.D.N.Y. Oct. 11, 1996) ("In addressing the proposed futility of an amendment, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fᴇᴅ.R.Cɪᴠ.P. 12(b)(6)."). Thus, an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Randolph–Rand Corp. of New York v. Tidy Handbags, Inc.,* No. 96CV1829, 2001 WL 1286989, at *5 (S.D.N.Y. Oct. 24, 2001) (quoting *Jones v. New York Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir.1999)).

■■ In considering a 12(b)(6) motion to dismiss, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Aniero Concrete Co., Inc. v. New York City Construction Auth.,* No. 94CV3506, 2000 WL 863208, at *28 (S.D.N.Y. June 27, 2000) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Further, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.,* 412 F.3d 103, 109 (2d Cir. 2005); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir. 1999).

■ A complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In fact, "[t]he plaintiff's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.,* 507 F.3d 117, 121 (2d Cir.2007). According to the Second Circuit, "[i]n last term's *Twombly* decision . . . the Supreme Court held that a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Id.* Indeed, the *Twombly* Court noted that "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (internal citations omitted).

■ A proposed amendment to add defendants may be considered futile if "(1) the claim it seeks to assert is barred by the applicable statute of limitations, and (2) the claim does not relate back to the date of an earlier timely pleading." *Pastorello v. City of New York*, No. 95CV470, 2001 WL 1543808, at *4 (S.D.N.Y. Nov. 30, 2001) (citing *Mackensworth v. S.S. American Merchant*, 28 F.3d 246, 251–52 (2d Cir.1994)). An employee may recover for unpaid compensation pursuant to the FLSA within two years after the claim accrues, or in the case of a willful FLSA violation, within three years following accrual. 29 U.S.C. § 255(a). "Courts have held that for the purposes of establishing the statute of limitations under the FLSA, a new cause of action accrues with each payday following an allegedly unlawful pay period." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y.2006); *see also* 29 C.F.R. § 790.21(b) ("[A] cause of action under the Fair Labor Standards Act for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends.").

In addition to plaintiff Hosking, ten other parties have purported to opt-in as plaintiffs to this action, having various final dates of employment, including as late as September of 2007. Assuming that these parties claim that the defendants failed to properly pay overtime and minimum wages throughout their entire period of employment, including the date on which their final paycheck was issued, the statute of limitations is not an obstacle to claims against the proposed individual defendants or FLSA claims for failure to pay minimum wage. Further, the statute of limitations under the New York State Labor Law is six years, posing no hurdle to amendment here. *See Park v. Seoul Broadcasting System Co.*, No. 05CV8956, 2008 WL 619034, at *7 n. 12 (S.D.N.Y. March 06, 2008).

■ The plaintiff seeks to add as defendants Francis Leonard, the Chief Executive Officer of New World Mortgage; Kevin Leonard, the Chief Operating Officer of New World Mortgage; and Edward Munteanu, the Chief Executive Officer of New World Capital. Fed.R.Civ.P. 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 21 grants the court broad discretion to permit the addition of a party at any stage in the litigation. *Sullivan v. West New York Residential, Inc.*, No. 01CV7847, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003).

■ The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). A determination of whether an individual or entity is an employer is based upon the economic realities of the relationship, including consideration of the alleged employer's authority to "(1) hire and fire the plaintiffs, (2) supervise and control their work schedules or conditions of employment, (3) determine the rate and method of payment, or (4) maintain employment records." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir.1984); *Ling Nan Zheng v. Liberty Apparel Co., Inc.*, 556 F.Supp.2d 284, 298 (S.D.N.Y.2008) (finding that "individual officers or directors of that corporation may also be deemed employers under the FLSA where the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or

determines employees' salaries and makes hiring decisions").

■■■ Here, the plaintiff contends that Francis Leonard, Kevin Leonard, and Munteanu were "involved in the day to day business operation of [New World Mortgage and New World Capital, respectively], and have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures." (Amend. Compl. at ¶¶ 10–12). On this basis, the Court grants the plaintiff's motion to amend the complaint to add Francis Leonard, Kevin Leonard, and Edward Munteanu as defendants.

In addition, the plaintiff seeks to add minimum wage claims pursuant to the FLSA. The FLSA requires payment of a minimum wage to all employees engaged in commerce. 29 U.S.C. § 206(a). The Court has reviewed the proposed amended complaint and finds that it sets forth sufficient factual allegations to state a claim for the defendants' failure to pay minimum wages to the putative plaintiff class.

Further, the plaintiff seeks to add New York State law claims on behalf of loan officers employed in the New York offices of New World Capital and New World Mortgage for failure to pay overtime and minimum wage. With respect to state law overtime claims, courts have stated that "[t]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA." *Whalen v. J.P. Morgan Chase & Co.,* 569 F.Supp.2d 327, 330 n. 2 (W.D.N.Y.2008); ("New York Labor Law is nearly identical to FLSA with respect to these overtime requirements and exemptions; however, unlike FLSA, it does not contain a salary basis requirement."). To succeed on an FLSA overtime claim, plaintiff must show that: (1) he was an employee who was eligible for overtime (not exempt from the Act's overtime pay requirements); and (2) that he actually worked overtime hours for which he was not compensated. *Id.* at 329.

Further, the New York Labor Law requires employers to pay a statutory minimum wage to every employee. N.Y. Lab. Law § 652(1). Here, the factual allegations contained in the amended complaint support both proposed New York State law claims. Accordingly, the plaintiff's motion to amend the complaint to (1) add Francis Leonard, Kevin Leonard, and Edward Munteanu as defendants; (2) add New York State law causes of action for failure to pay overtime and minimum wage; and (3) add a claim for failure to pay minimum wage pursuant to the FLSA is granted in its entirety.

### B.  As to the plaintiff's motion to toll the statute of limitations

The plaintiff also moves the Court to equitably toll the FLSA statute of limitations, explaining that because the limitations period continues to run until individual plaintiffs "opt-in" to the case, the claims of potential opt-in plaintiffs are diminished or extinguished with each passing day. As reasons to equitably toll the statute of limitations the plaintiff points to the defendants' multiple defaults, as well as the defendants' failure to participate in discovery or otherwise participate in the defense of this matter.

■■■ Courts have recognized that tolling may be appropriate in extraordinary circumstances. *Partlow v. Jewish Orphan's Home of Southern California, Inc.,* 645 F.2d 757, 760–61 (tolling the statute of limitations where plaintiff's counsel inappropriately solicited opt-in consent forms, causing those consents to be void) *abro-*

*gated by Hoffmann–LaRoche, Inc. v. Sperling,* 493 U.S. 165, 167 n. 1, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). For example, tolling is appropriate where "it would have been impossible for a reasonably prudent person to learn of the cause of action … or if the defendant concealed from the plaintiff the existence of the cause of action," *Moran v. GTL Const., LLC,* No. 06CV0168, 2007 WL 2142343, at *3 (S.D.N.Y. July 24, 2007) (internal citations omitted); where the defendants did not post FLSA-required notices advising employees of the right to earn minimum wage and overtime compensation, *Iglesias–Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 369 (S.D.N.Y.2007); or where the delay of the court in ruling on the collective action motion caused claims to become time-barred, *Owens v. Bethlehem Mines Corp.,* 630 F.Supp. 309, 312–13 (S.D.W.Va. 1986).

██ However, here, the plaintiff has failed to explain how the defendants' default and non-participation in this action prevented or impeded potential opt-in plaintiffs from discovering their claims. Further, the plaintiff fails to explain how the defendants' defaults and non-participation prevented the named plaintiff from filing a motion to certify this matter as a collective action in order to gain authorization to distribute a class-wide notice of the action. Finally, the plaintiff does not assert that he is unaware of the identity of the potential class members or that the defendants' failure to participate in discovery has interfered with his learning the identities of those individuals. *Myers v. The Copper Cellar Corp.,* No. 95CV0541, 1996 WL 766505, *1 (E.D.Tenn. Sept. 27, 1996) (tolling the statute of limitations following delay in production of the names of potential class members).

To be sure, the Court does not seek to reward the defendants for the delay they have caused in this action. In the absence of any articulated explanation of the effect that the defendants' delay has had on the plaintiff's prosecution of this case, the Court denies the present motion. However, it does so without prejudice and with leave to renew.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED,** that the Report and Recommendation issued by United States Magistrate Judge Arlene R. Lindsay is adopted in its entirety; and it is further

**ORDERED,** that the plaintiff's motion to amend the complaint is granted in all respects. The Clerk of the Court shall adopt the proposed amended complaint; and it is further

**ORDERED,** that the plaintiff's motion to toll the FLSA statute of limitations as to potential opt-in plaintiffs is denied without prejudice and with leave to renew.

**SO ORDERED.**