**Martin LEWIS, et al., Plaintiffs,**

v.

**WELLS FARGO & CO., Defendant.**

**No. C 08–02670 CW.**

United States District Court,
N.D. California.

Oct. 26, 2009.

Kelly M. Dermody, Jahan C. Sagafi, Lieff Cabraser Heimann & Bernstein LLP, San Francisco, CA, Laura L. Volpini,

Richard C. Haber, Haber Polk LLP, Cleveland, OH, for Plaintiffs.

Joan B. Tucker Fife, Seema Ramesh Patel, Winston & Strawn LLP, San Francisco, CA, Audrey Shen Chui, Winston and Strawn, Los Angeles, CA, for Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR APPROVAL OF *HOFFMANN–LA ROCHE* NOTICE

CLAUDIA WILKEN, District Judge.

Plaintiffs Martin Lewis, Aaron Cooper and Anissa Schilling, on behalf and themselves and a class of those similarly situated, allege that they were misclassified under federal and state wage and hour laws. Plaintiffs move the Court to certify conditionally this action as a representative collective action and to authorize and facilitate notice of this action to prospective collective action members. Defendant Wells Fargo opposes this motion and objects to the notice and opt-in form that Plaintiffs have prepared. The motion was decided on the papers. Having considered all of the papers filed by the parties, the Court grants in part Plaintiffs' motion for approval of a *Hoffmann–La Roche* notice.

### BACKGROUND

Defendant Wells Fargo is an international corporation providing banking services throughout the United States and the world. SAC ¶ 25. Plaintiffs and the proposed class members provide the installation, maintenance and support of Defendant's technical infrastructure. They are located primarily within Defendant's Technology Information Group (TIG).

Plaintiffs contend that they are owed overtime pay under the Fair Labor Standards Act (FLSA). The FLSA authorizes workers to sue for unpaid overtime wages on their own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Plaintiffs bring this action on behalf of themselves and other similarly situated employees. Unlike class actions brought under Federal Rule of Procedure 23, however, collective actions brought under the FLSA require that each individual member "opt in" by filing a written consent. *See* 29 U.S.C.A. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

In *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), the Supreme Court held that, "in appropriate cases," district courts should exercise their discretion to authorize and facilitate notice of a collective action to similarly situated potential plaintiffs.[1] Plaintiffs contend that this is an appropriate case. They request leave to send a *Hoffmann–La Roche* notice to similarly situated technical support workers[2] who are, or have been, employed throughout the country by Defendant at any time since July 19, 2005. According to Plaintiffs, this notice will alert potentially aggrieved individuals that, if they want to pursue a similar claim in this pending lawsuit, they must opt in, and will further the broad remedial goals of the FLSA.

---

**1.** Although *Hoffmann–La Roche* involved claims brought under the Age Discrimination in Employment Act (ADEA), because ADEA incorporates § 16(b) of the Fair Labor Standards Act into its enforcement scheme, the same rules govern judicial management of collective actions under both statutes. *See, e.g., Shaffer v. Farm Fresh, Inc.,* 966 F.2d 142, 147 (4th Cir.1992).

**2.** Plaintiffs define technical support workers as those individuals with the primary duties of installing, maintaining, and/or supporting software and/or hardware, including but not limited to network engineers, but excluding PC/LAN Engineers.

## LEGAL STANDARD

As noted above, the FLSA provides for a collective action where the complaining employees are "similarly situated." 29 U.S.C. § 216(b). But the FLSA does not define "similarly situated," nor has the Ninth Circuit defined it. As noted by the Tenth Circuit, there is little circuit law defining "similarly situated." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir.2001).

■ Although various approaches have been taken to determine whether plaintiffs are "similarly situated," district courts in this circuit have used the *ad hoc*, two-tiered approach. *See Wynn v. National Broadcasting Co., Inc.*, 234 F.Supp.2d 1067, 1082 (C.D.Cal.2002) (noting that the majority of courts prefer this approach); *see also Thiessen*, 267 F.3d at 1102–03 (discussing three different approaches district courts have used to determine whether potential plaintiffs are "similarly situated" and finding that the *ad hoc* approach is arguably the best of the three approaches); *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir.2001) (finding the two-tiered approach to certification of § 216(b) opt-in classes to be an effective tool for district courts to use). Under this approach, the district court makes two determinations, on an *ad hoc*, case-by-case basis. The court first makes an initial "notice stage" determination of whether plaintiffs are similarly situated, deciding whether a collective action should be certified for the purpose of sending notice of the action to potential class members. *See, e.g., Thiessen*, 267 F.3d at 1102. For conditional certification at this notice stage, the court requires little more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102. The standard for certification at this stage is a lenient one that typically

results in certification. *Wynn*, 234 F.Supp.2d at 1082.

■ The second determination is made at the conclusion of discovery, usually on a motion for decertification by the defendant, utilizing a stricter standard for "similarly situated." *Thiessen*, 267 F.3d at 1102. During this second stage analysis, the court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs; the various defenses available to the defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether the plaintiffs made any required filings before instituting suit. *Id.* at 1103.

■ Notably, collective actions under the FLSA are not subject to the requirements of Rule 23 of the Federal Rules of Civil Procedure for certification of a class action. *Id.* at 1105. "The requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure. All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. Arizona*, 1993 WL 603552, *1 (D.Ariz.) (citations omitted).

## DISCUSSION

### I. *Hoffmann–La Roche* Notice

■ Defendant argues that this motion should be decided under the stricter second stage analysis. Here, although volumes of paper have been produced and several witnesses deposed, Plaintiffs state that discovery is nowhere near complete. Defendant has obstinately resisted produc-

ing discovery in this case since its inception. In an attempt to file a motion for approval of *Hoffmann–La Roche* notice by January, 2009, Plaintiffs served document requests and a deposition notice in July and August, 2008. However, Defendant resisted producing that discovery until recently, only after repeated intervention by the Court. Defendant did not produce basic job descriptions for other relevant job titles until September 28, 2009, missing the Court-ordered deadline for such production by over seven months. Until recently, Defendant did not schedule depositions that Plaintiffs had requested fourteen months earlier. Even Defendant does not contend that discovery on the issue of certification is complete; Defendant contends that discovery has been extensive and that additional discovery will not change the facts or analysis that technical support workers are not similarly situated.

To apply the second-tier heightened review at this stage would be contrary to the broad remedial policies underlying the FLSA. After discovery is complete, Defendant can move for decertification, and the Court will then apply the heightened second-tier review.

■ As noted above, the standard for certification at the notice stage is a lenient one. Courts routinely grant conditional certification of multiple-job-title classes such as Plaintiffs' class. *See Gerlach v. Wells Fargo*, 2006 WL 824652, at *3 (N.D.Cal.); *Wong v. HSBC Mortg. Corp. (USA)*, 2008 WL 753889 (N.D.Cal.); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475 (N.D.Cal.). Plaintiffs meet their burden of showing that all technical support workers are similarly situated with respect to their FLSA claim: all technical support workers share a job description, were uniformly classified as exempt from overtime pay by Defendant and perform similar job duties. Plaintiffs have submitted deposition and declaration testi-

mony from twenty-seven opt-in class members, as well as documentary and testimonial evidence from Defendant itself, to support the allegations in the complaint and instant motion. This showing satisfies the first-tier standard.

Defendant's fifty-four declarations, mostly from current employees, do not undermine this showing. Plaintiffs meet their burden at the notice stage, and thus the Court need not consider the declarations at this time. Defendant can re-submit them as part of a motion to decertify the class once discovery is complete. "It may be true that the evidence will later negate plaintiffs' claims, but this order will not deny conditional certification at this stage in the proceedings." *Escobar v. Whiteside Constr. Corp.*, 2008 WL 3915715 (N.D.Cal.).

### A. Proposed Notice and Opt-in Form

Plaintiffs asks the Court to order Defendant to provide their counsel with contact information for all putative class members so that counsel can provide them with the Court-approved notice. The Court finds that it would be more appropriate to have a third-party claims administrator distribute the collective action notice. Although Plaintiffs correctly note that the Court is authorized to order the production of potential class members' contact information to Plaintiff's counsel, they have not explained why it would be preferable for their counsel to oversee distribution of the notice. Contact information for Plaintiffs' counsel will be contained in the notice, and potential class members may contact counsel if they wish.

The Court finds that providing notice by first class mail and email will sufficiently assure that potential collective action members receive actual notice of this case. Defendant's objection to the production of email addresses is baseless. The potential

class members, technical support workers, are likely to be particularly comfortable communicating by email and thus this form of communication is just as, if not more, likely to effectuate notice than first class mail.

Plaintiffs' proposed 120–day deadline for potential class members to file their consents is too long. In *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 632 (D.Colo. 2002), the court approved a sixty day opt-in period. The Court sets a seventy-five day deadline.

■ Defendant criticizes certain language in the original proposed notice as implying an endorsement of the notice by the Court. The Supreme Court has instructed, "In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174, 110 S.Ct. 482. Plaintiffs' revised proposed notice submitted on October 15, 2009 adequately addresses Defendant's concerns.

## B. Equitable Tolling for Potential Plaintiffs

The FLSA statute of limitations runs until a valid consent is filed. 29 U.S.C. § 256(b); *Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 760 (9th Cir.1981), abrogated on other grounds by *Hoffmann–La Roche*, 493 U.S. 165, 110 S.Ct. 482. Plaintiffs request that the Court equitably toll the limitations period on the claims of the FLSA collective action members from the date that the Complaint was filed on February 9, 2005, through the Court-set deadline for receipt of consents. They argue that equitable tolling is warranted because

similarly situated plaintiffs, through no fault of their own, have been unable to opt in to, or even learn of, the lawsuit. Defendant refuses to produce contact information for potential collective action members, which, Plaintiffs claim, prevents Plaintiffs and their counsel from informing similarly situated potential plaintiffs about this case and their right to opt in.

*Partlow*, the only Ninth Circuit case Plaintiffs cite to support equitable tolling, is distinguishable. In *Partlow*, the Ninth Circuit held that the district court could toll the statute of limitations under the FLSA for forty-five days to permit the class members who had earlier filed invalid consents, due to Plaintiffs' counsel's error, to execute proper consents. Although this holding was based largely on the court's finding that "it would simply be improper to deprive the consenting employees of their right of action," the court also pointed out that the defendant was notified of the claims of the consenting employees within the statutory period because they had filed the improper consents. 645 F.2d at 761. The Court declines at this time equitably to toll the statute of limitations.

## CONCLUSION

For the foregoing reasons, the Court grants in part Plaintiffs' Motion for Approval of *Hoffmann–La Roche* Notice (Docket No. 123). The Court conditionally certifies the class of technical support workers with the primary duties of installing, maintaining, and/or supporting software and/or hardware, including but not limited to network engineers, but excluding PC/LAN Engineers, who were, are, or will be misclassified by Defendant as exempt from overtime pay so that *Hoffmann–La Roche* notice may be sent.[3] De-

---

3. To the extent that the Court relied upon evidence to which there is an objection, the parties' objections are overruled. To the ex-

tent that the Court did not rely on such evidence, the parties' objections are overruled as moot.

fendant shall, within ten days of the date of this order, produce to a mutually agreed-upon third-party administrator the names, addresses, alternate addresses, email addresses, social security numbers and telephone numbers of all prospective members of the class. The Court approves of the notice located at Docket No. 146 with the exception that the response period to opt-in shall be seventy-five days. Notice will proceed as detailed in this order. At this juncture, the Court will not equitably toll the limitations period on the claims of the FLSA collective action members.

IT IS SO ORDERED.

### APPENDIX

Kelly M. Dermody (Cal. Bar No. 171716)

Jahan C. Sagafi (Cal. Bar No. 224887)

Jaron R. Shipp (Cal. Bar No. 264401)

Barbra L. Williams (Cal. Bar No. 249967)

Heather H. Wong (Cal. Bar No. 238546)

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

275 Battery Street, 29th Floor

San Francisco, CA 94111–3339

Telephone: (415) 956–1000

Facsimile: (415) 956–1008

E–Mail: kdermody@lchb.com

E–Mail: jsagafi@lchb.com

E–Mail: jshipp@lchb.com

E–Mail: bwilliams@lchb.com

E–Mail: hwong@lchb.com

Richard C. Haber (admitted *pro hac vice*)

Laura L. Volpini (admitted *pro hac vice*)

HABER POLK LLP

Eaton Center, Suite 620

1111 Superior Avenue

Cleveland, Ohio 44114

Telephone: (216) 241–0700

Facsimile: (216) 241–0739

E–Mail: rhaber@haberpolk.com

E–Mail: lvolpini@haberpolk.com

*Attorneys for Plaintiffs and the proposed Class*

### UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND DIVISION

MARTIN LEWIS, AARON COOPER, and ANISSA SCHILLING, on behalf of themselves and a class of those similarly situated, Plaintiffs,

v.

WELLS FARGO & CO., Defendant.

No. C 08–02670 CW.

*[REVISED PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF HOFFMANN–LA ROCHE NOTICE*

Date: October 29, 2009

Time: 2:00 p.m.

Courtroom: 2, 4th floor

Judge: Honorable Claudia Wilken

Plaintiffs' Motion For Approval Of *Hoffmann–La Roche* Notice (hereinafter "Motion"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et seq.*, and *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), came on regularly for hearing on October 29, 2009 in the United States District Court for the Northern District of California, the Honorable Claudia Wilken presiding. All parties were represented by counsel.

Having considered the memoranda and declarations filed by both sides, oral argument of counsel, and the relevant statutory and case law, the Court GRANTS Plaintiffs' Motion and finds and ORDERS as follows:

1. Pursuant to the Fair Labor Standards Act ("FLSA") and cases interpreting it, the Court finds that Wells Fargo Technical Support Workers (defined in the next paragraph) are similarly situated to Plaintiffs. The Court therefore conditionally certifies this action as a representative collective action, 29 U.S.C. § 216(b);

2. The Court finds that notice should be sent to all prospective collective action members, consisting of all present and former employees of Wells Fargo & Co. or Wells Fargo Bank, N.A. ("Wells Fargo"), who have worked, while classified exempt, as Network Engineers, Operating Systems Engineers, Information Security Analysts, Technical Service Specialists, Systems Support Analysts, Web Engineers, Web Support Engineers, or Web Systems Engineers, at any time between July 19, 2005 and the date of this Order or as Operating Systems Analysts (level 2), Systems QA Analysts (levels 2 or 3), Computer Operations Analysts (levels 3 or 4), Database Administrators (levels 2 or 3), or Applications Systems Engineers (level 3), at any time between three years prior to the date on which they signed a release of claims for overtime pay against Wells Fargo, or, if no such release was signed, July 19, 2005, and the date of this Order (hereinafter "Technical Support Workers");

3. The Court orders Wells Fargo to produce to Plaintiffs' counsel the names, e-mail addresses, address information, and telephone numbers of all Technical Support Workers as defined above. Such information shall be provided in Microsoft Excel format and shall be provided to Plaintiffs' counsel within 10 days of the date of this Order;

4. The Court approves the mailing and emailing of the Notice and Consent to Join form substantially in the form attached hereto as Exhibit A. The Notices and Consent to Join forms shall be mailed and emailed within 10 days of receipt by Plaintiffs' counsel of the Technical Support Worker information described in paragraph 2;

5. The Technical Support Workers shall have 120 days from the initial mailing of the Notice and Consent to Join forms to postmark their Consent to Join forms and mail or otherwise send such Consents to Plaintiffs' counsel for filing;

6. Plaintiffs' counsel shall attempt to locate current addresses for any individual for whom a Notice is returned as undeliverable and shall promptly remail the Notice documents to the current address. Plaintiffs' counsel shall keep a record of the addresses that it updates and the dates on which those Notices were sent to those addresses. Plaintiffs' counsel shall not be required to remail Notice to any particular individual more than two times;

7. Grounds for equitable tolling exist here. Therefore, the statute of limitations shall be equitably tolled for all Technical Support Workers who did not sign a release of overtime claims with Wells Fargo from July 19, 2008, through the Court-set deadline for receipt of Consents to Join. The statute of limitations shall be equitably tolled for all Technical Support Workers who signed a release of overtime claims with Wells Fargo from the date on which they signed the release, through the Court-set deadline for receipt of Consents to Join.

It is so ORDERED.

Dated: _____, 2009

_____

Honorable Claudia Wilken

United States District Court

### Exhibit A

**Notice of lawsuit against Wells Fargo for overtime pay on behalf of techni-**

cal support workers

United States District Court For the Northern District of California

*A court authorized this notice. This is not a solicitation from a lawyer.*

**TO:** Current and former employees of Wells Fargo & Co. and Wells Fargo Bank, N.A. ("Wells Fargo"), who have worked, while classified as exempt, as a Network Engineer, Operating Systems Engineer, Information Security Analyst, Technical Service Specialist, Systems Support Analyst, Web Engineer, Web Support Engineer, and/or Web Systems Engineer, at any time from July 19, 2005 to [the date of the Court's Order], 2009, and/or as a Operating Systems Analyst (level 2), Systems QA Analyst (levels 2 or 3), Computer Operations Analyst (levels 3 or 4), Database Administrator (levels 2 or 3), or Applications Systems Engineer (level 3), at any time from three years prior to the date on which they signed a release of claims for overtime pay against Wells Fargo (or, if no such release was signed, July 19, 2005) to [the date of the Court's Order], 2009 ("Technical Support Workers").

**DATE:** [the date of the Court's Order], 2009

**RE:** Fair Labor Standards Act ("FLSA") lawsuit against Wells Fargo seeking compensation for overtime for hours worked by Technical Support Workers.

*Lewis et al. v. Wells Fargo & Co.*, Case No. 08–2670 CW, pending in the United States District Court for the Northern District of California.

## I. *Introduction*

The purpose of this Notice is to inform you of a collective action and class action lawsuit against Wells Fargo. The Court has determined that you may be similarly situated to the Named Plaintiffs. Therefore, the Court has ordered that this notice be sent to you, to explain what the lawsuit is about and how to participate.

Please note that the Court has not ruled on the merits of the lawsuit. The Court has only ruled that it is important that you be notified of the existence of the lawsuit so that you can determine whether you wish to join it.

## II. *Description of the Lawsuit*

Plaintiffs Martin Lewis, Aaron Cooper, and Anissa Schilling (the "Named Plaintiffs" or "Plaintiffs") bring this action under the FLSA against Wells Fargo on behalf of themselves and all other past and present Technical Support Workers, as defined in the "To:" box atop this notice.

Plaintiffs contend that they are owed overtime pay under the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs allege that Wells Fargo maintains a policy and practice of misclassifying the Technical Support Workers as "exempt" from overtime under the FLSA and failing to pay overtime for hours worked in excess of 40 hours per week. Plaintiffs allege that they, and all employees similarly situated, are entitled to recover unpaid overtime pay, liquidated damages (equal to the unpaid overtime pay) or interest, attorneys' fees, and costs associated with bringing this lawsuit.

Wells Fargo contends that it has not violated the FLSA.

## III. *Your Right to Join This Lawsuit*

If you fit the definition above, you may choose to join this suit (that is, you may

"opt in"). To opt in, you must send a "Consent to Join" form to Plaintiffs' counsel. This form is enclosed in this envelope with this notice. Forms should be faxed, mailed, or emailed to Plaintiffs' counsel at:

Lieff, Cabraser, Heimann & Bernstein
attn: Jahan Sagafi
275 Battery Street, 30th floor
San Francisco, CA 94111
Fax: 415–956–1008
jsagafi@lchb.com

Forms must be received (or, if mailed, postmarked) on or before [120 days from the date of mailing of the Notice and Consent to Join].

### IV. *The Consequences of Joining This Lawsuit*

If you file a Consent to Join form in accordance with the instructions, you will be bound by the judgment (that is, the final result of the lawsuit), whether favorable or unfavorable (that is, whether the Plaintiffs win their argument that they should be paid money by Wells Fargo or not). While this suit is proceeding, you may be required to respond to written questions, sit for a deposition, and/or testify in court—in which case Plaintiffs' counsel will assist you.

Plaintiffs' attorneys will not charge you directly for their work in this case. If there is no recovery, you will not be required to pay the attorneys for any of their work. If there is a recovery, Plaintiffs' attorneys will receive whatever attorneys' fees the Court orders. Those fees may be subtracted from the recovery obtained from Wells Fargo, or they may be paid separately by Wells Fargo, or they may be a combination of the two. Furthermore, if the Plaintiffs lose at trial, the Court may require each class member to pay a prorated share of the defendant's costs (but not fees). For example, if the defendant's costs are $60,000 (separate from its fees),

and there are 2,000 class members, and the Court decides to award costs, then each class member would be charged $30. Such awards of costs to a defendant are unusual.

If you join this lawsuit, you designate the Named Plaintiffs as your agents to make decisions on your behalf concerning the lawsuit. These decisions and agreements made and entered into by the Named Plaintiffs will then be binding on you.

### V. *The Consequences of Not Joining this Lawsuit*

If you choose not to join this lawsuit, you will not be affected by any judgment in this lawsuit on this FLSA claim, whether favorable or unfavorable. If you choose not to join in this lawsuit, you are free to file your own lawsuit and to select the attorney of your choice. However, you may lose your opportunity to participate in this lawsuit.

### VI. *No Retaliation Permitted*

Federal law prohibits Wells Fargo from retaliating against you in any way (for example, terminating you, giving you an unfair performance review, cutting your pay, etc.) because you have exercised your rights under the FLSA (for example, by joining the lawsuit or by providing evidence in support of the Plaintiffs).

### VII. *Your Legal Representation If You Join*

If you choose to join this suit, you will be represented by the Named Plaintiffs through their attorneys, as counsel for the class. Counsel for the class are:

Kelly M. Dermody

Jahan C. Sagafi

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

275 Battery Street

San Francisco, CA 94111–3339

Tel.: (800) 541–7358 ext. 2205

Tel.: (415) 956–1000 ext. 2205

Fax: (415) 956–1008

jsagafi@lchb.com

Laura L. Volpini

HABER & POLK, LLP

Eaton Center, Suite 620

1111 Superior Avenue

Cleveland, Ohio 44114

### VIII. *Further Information*

If you want further information about this Notice or the lawsuit, or have questions about the procedure or deadline for filing a "Consent to Join," please contact Plaintiffs' counsel at the information above.

### IX. *Court Authorization*

This notice and its contents have been authorized by the Federal District Court, Honorable Claudia Wilken, United States District Court Judge. The Court has taken no position in this case regarding the merits of the Plaintiffs' claims or of Wells Fargo's defenses.

### CONSENT TO JOIN FORM

#### Consent to sue under the Fair Labor Standards Act (FLSA)

I work or worked for Wells Fargo & Co. or Wells Fargo Bank, N.A., at some point between July 19, 2005 and [date of Order], 2009, while classified as exempt, as a Network Engineer, Operating Systems Engineer, Information Security Analyst, Technical Support Specialist, Systems Support Analyst, Web Engineer, Web Support Engineer, Web Systems Engineer, Operating Systems Analyst (level 2), Systems QA Analyst (levels 2 or 3), Computer Operations Analyst (levels 3 or 4), Database Administrator (levels 2 or 3), or Applications Systems Engineer (level 3)

I choose to participate in the FLSA collective action titled *Lewis v. Wells Fargo & Co.*, pending in United States District Court for the Northern District of California, to recover unpaid overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and other relief under state and federal law.

I choose to be represented in this matter by the named Plaintiffs and counsel (Lieff, Cabraser, Heimann & Bernstein, LLP, and Haber Polk LLP) in this action.

Print Name: _____

Signature: _____

Date Signed: _____

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:

Lieff, Cabraser, Heimann & Bernstein
attn: Jahan Sagafi
275 Battery Street, 30th floor
San Francisco, CA 94111
Fax: 415–956–1008
jsagafi@lchb.com

To be effective, this Form must be received or postmarked on or before _____, 2009.