**Samuel Brandon KRESS, Jeffrey Laberge and Willow Markham, individually, and on behalf of all others similarly situated, Plaintiffs,**

v.

**PRICEWATERHOUSECOOPERS, LLP, a Limited Liability Partnership; and Does 1–100, inclusive, Defendant.**

No. CIV. S–08–0965 LKK/GGH.

United States District Court, E.D. California.

Nov. 25, 2009.

Richard E. Grabowski, Singleton Law Group, Eureka, CA, for Plaintiffs.

*ORDER*

LAWRENCE K. KARLTON, Senior District Judge.

Plaintiffs bring a wage and hour action arising under the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.* (FLSA), and under California labor laws. Plaintiff moves to conditionally certify a collective action under the section 16(b) of the FLSA, 29 U.S.C. § 216(b), and for an order authorizing facilitated notice of this action to prospective class members. Defendant opposes collective certification and alternatively objects to the plaintiffs' proposed notice and opt-in form. The court resolves this motion on the papers and after oral argument. For the reasons stated below, the motion is granted, but approval of the form of the notice is stayed pending an attempt by the parties to agree upon its contents.

## I. BACKGROUND[1]

### A. Plaintiffs' Request for Collective Certification

The eleven named plaintiffs in this suit are or were employed as associates or senior associates in defendant Pricewaterhouse-Cooper's ("PwC") assurance, advisory, and tax divisions, and are not Certified Public Accountants. Plaintiffs argue that they were wrongly classified as exempt employees under the FLSA and California law, such that they should have been paid overtime wages and other benefits.

Pending before the court is plaintiff Lac Anh Le's motion to conditionally certify a collective action under section 16(b) of the FLSA, which authorizes employees to bring actions on behalf of "themselves and other employees similarly situated." 29 U.S.C. section 216(b). Le seeks to proceed on behalf of all persons who were employed as "associates" in PwC's Attest Division in the Assurance line of business anywhere in the United States any time from December 11, 2005 to the present and who were not li-

---

1. PwC objects to much of the evidence submitted by plaintiffs in connection with this motion. Some of this evidence is not necessary to the resolution of the instant motion. To the extent that evidence is relevant and the court has relied on it herein, objections thereto are OVERRULED. Plaintiffs conversely object to much of PwC's evidence. As explained below, the court does not rely on this evidence. These objections are therefore moot.

censed as Certified Public Accountants. Collective certification under this section pertains only to claims under the FLSA. Thus, this motion pertains only to a subset of the case's putative plaintiffs, and only to some of those plaintiffs' claims.

■ Unlike Federal Rule of Civil Procedure 23, the FLSA only authorizes "opt-in" representative actions. 29 U.S.C.A. § 216(b). "To facilitate this [opt-in] process, a district court may authorize the named plaintiffs in a FLSA collective action to send notice to all potential plaintiffs, and may set a deadline for plaintiffs to join the suit by filing consents to sue." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir.2000) (citing *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 172, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)).[2]

### B. *Campbell v. PricewaterhouseCoopers*

The instant case is related to another case proceeding before this court, *Campbell v. PricewaterhouseCoopers, LLP*, No. Civ. S–06–2376. *Campbell* solely concerns California labor law. In *Campbell*, the court certified a Fed.R.Civ.P. 23(b)(3) class of persons employed as Associates in PwC's Attest division in California from October 27, 2002 to the present. *Campbell v. Pricewaterhouse-Coopers*, 253 F.R.D. 586, 591, 596 (E.D.Cal. 2008) (*"Campbell I"*). The court subsequently found, on summary judgment, that the class members were not exempt employees under California law. *Campbell v. Price-waterhouseCoopers, LLP*, 602 F.Supp.2d 1163, 1166 (E.D.Cal.2009) (*"Campbell II"*). While the motions for summary judgment were pending, PwC moved to decertify the class. No. Civ. S–06–2376, Doc. No. 371 (Feb. 23, 2009). The court stayed resolution of the motion to decertify pending interlocutory review of the order granting summary judgment. Order of March 30, 2009 (Doc. No. 425).

The present motion in this case concerns the same class of employees, albeit nation-wide in scope and over a different range of dates. Despite this similarity, the class certification decision in *Campbell* does not compel certification here. The FLSA claims implicate different standards for exemption, and the appropriateness of collective treatment must be considered in light of the claims involved. *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 498 (D.N.J.2000). Fed.R.Civ.P. 23 and FLSA section 16(b) also involve different standards for certification. Moreover, a motion to revisit the class certification decision in *Campbell* remains pending.

Nonetheless, to the extent that the parties do not dispute the *Campbell* orders' summaries of the pertinent facts, the court repeats those summaries here.

### C. PwC's Attest Division

"PwC's professional services are divided into three lines of service designated as Assurance, Tax, and Advisory. The Assurance division is further subdivided into the Attest, Systems Process Assurance, and Transaction divisions." *Campbell II*, 602 F.Supp.2d at 1167. The Attest division largely performs audits for client companies, seeking to ensure that the client's "financial statements are prepared in accordance with Generally Accepted Accounting Principles ('GAAP'), and are free of misstatements, whether caused by error or fraud." *Id.*

Associates within the Attest division occupy the bottom of a seven tier hierarchy. Associates are not required to be licensed at Certified Public Accountants. "PwC requires that all associate work be subjected to at least one level of detailed review." *Id.* at 1168. Associates sometimes work as the "in charge" of an engagement. *Id.* at 1167. Plaintiff Le, however, never performed this function. It is undisputed that associates routinely work over 40 hours per week.

PwC maintains a company-wide audit methodology and audit training program. As discussed below, plaintiffs contend that

---

2. *Hoffmann–La Roche* concerned a collective action brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* ADEA explicitly incorporates the collective action procedures of the FLSA. 29 U.S.C.S. § 626(b). The Supreme Court's interpretation of these procedures in *Hoffmann–La Roche* applies to FLSA cases. *Advanced Textile*, 214 F.3d at 1064.

these policies effectively dictate all associates' duties and actions, whereas PwC contends that these policies leave room for significant disparities between associates' duties.

## II. DISCUSSION

### A. The FLSA's Collective Action Provision

■ The FLSA allows actions to be brought on behalf of "similarly situated" employees. The FLSA does not define "similarly situated," and neither the Supreme Court nor the Ninth Circuit have interpreted the term. *Accord Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D.Cal.2004). While other courts have adopted three different interpretations, *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102–03 (10th Cir.2001), district courts within the Ninth Circuit have generally settled upon the "two-tier" approach.[3] The two Circuits to have expressed an opinion have also recommended, albeit not required, this approach. *Thiessen*, 267 F.3d at 1105; *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir.2001) (citing *Grayson*, 79 F.3d at 1096).[4] Use of the two

tiered approach, as opposed to the two approaches derived from Fed.R.Civ.P. 23, is further supported by Ninth Circuit's general holding that section 216(b) differs from Rule 23. *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir.2007) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7B Fed. Prac. & Proc. § 1807 (3d ed.2005)).[5]

■ Under the two tiered approach, the first tier is the "notice stage," which asks whether the employees are sufficiently similarly situated that notice should be sent to prospective plaintiffs under *Hoffmann–La Roche*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480. *See Lewis v. Wells Fargo & Co.*, 2009 U.S. Dist. LEXIS 102773, *7, 2009 WL 3517660, *2–3 (N.D.Cal. Oct. 26, 2009). Plaintiffs must provide "substantial allegations, supported by declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.' "[6] *Gerlach v. Wells Fargo & Co.*, No. 05–0585, 2006 U.S. Dist. LEXIS 24823, *6–7, 2006 WL 824652, *2–3 (N.D.Cal. Mar. 28, 2006) (quoting *Thiessen*, 267 F.3d at 1102–1103), *see also Grayson*, 79 F.3d at

---

**3.** *See, e.g. Lewis v. Wells Fargo & Co.*, 2009 U.S. Dist. LEXIS 102773, 2009 WL 3517660 (N.D.Cal. Oct. 26, 2009); *Gilbert v. Citigroup, Inc.*, 2009 U.S. Dist. LEXIS 18981, 2009 WL 424320 (N.D.Cal. Feb. 18, 2009); *Escobar v. Whiteside Construction Corp.*, No. 08–01120, 2008 U.S. Dist. LEXIS 68439, 2008 WL 3915715, at *3 (N.D.Cal. Aug.21, 2008); *Prentice v. Fund for Pub. Interest Research, Inc.*, 2007 U.S. Dist. LEXIS 71122, 2007 WL 2729187 (N.D.Cal. Sept. 18, 2007); *Adams v. Inter–Con Sec. Sys.*, 242 F.R.D. 530, 535–36 (N.D.Cal.2007); *Agdipa v. Grant Joint Union High Sch. Dist.*, 2007 U.S. Dist. LEXIS 26506, 2007 WL 1106099 (E.D.Cal. Apr. 9, 2007); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06–0715, 2007 U.S. Dist. LEXIS 21315, *18–19, 2007 WL 707475, at *5 (N.D.Cal. Mar.6, 2007); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 482–83 (E.D.Cal.2006); *Gerlach v. Wells Fargo & Co.*, No. 05–0585, 2006 U.S. Dist. LEXIS 24823, *3, 2006 WL 824652, at *2 (N.D.Cal. Mar.28, 2006); *Aguayo v. Oldenkamp Trucking*, No. 04–6279, 2005 U.S. Dist. LEXIS 22190, 2005 WL 2436477 (E.D.Cal. Oct.3, 2005); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D.Cal.2004); *Pfohl v. Farmers Ins. Group*, No. CV 03–3080, 2004 U.S. Dist. LEXIS 6447, *7–*8, 2004 WL 554834, *2–*3 (C.D.Cal. Mar. 1, 2004); *Wynn v. NBC*, 234 F.Supp.2d 1067, 1082 (C.D.Cal.2002); *Ballaris v. Wacker Silttronic Corp.*, No. 00–1627, 2001 U.S. Dist.

LEXIS 13354, 2001 WL 1335809 (D.Or. Aug.24, 2001); *Wertheim v. Arizona*, No. 92–cv–453, 1993 WL 603552, at *1 (D.Ariz. Sept.30, 1993).

*Pfohl* adopted the two tier approach, as opposed to the Rule 23 approaches discussed in *Thiessen*, but concluded that it was appropriate to skip the first tier.

**4.** *See also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir.1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) (contrasting the two tiered approach with the use of the current Rule 23, without choosing between these options).

**5.** *See also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n. 12 (11th Cir.1996). *Grayson* additionally distinguished collective certification from joinder under Rule 20(a) or for separate trials under Rule 42(b). *Id.* at 1096. *See also Lusardi v. Lechner*, 855 F.2d 1062, 1078–79 (3d Cir.1988) (distinguishing collective actions from intervention and permissive joinder).

**6.** Some courts have also required a plaintiff to show that there are employees who desire to opt in to the collective action. This requirement does not appear necessary to the court, and the parties do not discuss it here.

1097. In determining whether plaintiffs have met this standard, courts need not consider evidence provided by defendants. *Lewis,* 2009 U.S. Dist. LEXIS 102773 *9, 2009 WL 3517660 at *3–4. "[The] determination is made based on a fairly lenient standard, and typically results in a 'conditional certification' of a representative class." *Wynn v. NBC,* 234 F.Supp.2d 1067, 1082 (C.D.Cal.2002); *see also Leuthold,* 224 F.R.D. at 467. The decision to grant or deny certification is within the discretion of the district court. *Leuthold,* 224 F.R.D. at 466. If the court finds initial certification appropriate, it may order notice to be delivered to potential plaintiffs. *Hoffmann–La Roche,* 493 U.S. at 172, 110 S.Ct. 482.

■ Certification at the initial stage is conditional in that it may be revisited at the second stage. *Wynn,* 234 F.Supp.2d at 1082. "At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" *Thiessen,* 267 F.3d at 1102–03 (internal citations and quotations omitted). Factors to consider at this stage include "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Leuthold,* 224 F.R.D. at 467; *see also Wynn,* 234 F.Supp.2d at 1083.

## B. The First Stage Applies Here

PwC argues that in this case the court should proceed directly to the second tier. Plaintiffs have received 75,000 pages of documents produced during discovery in the *Campbell* action,[7] in which discovery has closed. Additional discovery has also commenced in this action. PwC has provided 13,000 additional pages, plaintiffs have conducted Fed.R.Civ.P. 30(b)(6) depositions on a variety of subjects, and PwC has deposed several plaintiffs and all but one of the declarants supporting plaintiffs' motion. Declaration of David A. Prahl ISO PwC's Opp'n, ¶¶ 2–3. PwC argues that this record enables the court to decide the issue. Plaintiffs argue that discovery is nonetheless incomplete, in part because plaintiffs have not received contact information for putative class members and thus have not had an opportunity to investigate individual circumstances.[8]

Several courts have embraced PwC's argument or a variation thereof. The principle underlying these opinions appears to be that, if the reason for the "lenient standard" at the notice stage is the minimal amount of evidence typically available at that time,[9] the lenient standard does not apply when evidence is available. Two cases cited by PwC held that when the parties have completed "substantial discovery," the court may proceed directly to the second tier. *Pfohl,* 2004 U.S. Dist. LEXIS 6447, 2004 WL 554834 *1, *3, *Basco v. Wal–Mart Stores, Inc.,* 2004 U.S. Dist. LEXIS 12441, *15, 2004 WL 1497709, *4 (E.D.La. July 2, 2004).[10] Other cases have held that when significant evidence is available, an intermediate standard applies. *Holt v. Rite Aid Corp.,* 333 F.Supp.2d 1265, 1274 (M.D.Ala.2004). In *Holt,* the court stated that it departed from the lenient notice stage standard by considering defendant's evidence in addition to plaintiff's affidavits and allegations, but the court explicitly stated that it did not weigh the evidence. *Id.*[11] A third group of cases have

---

7. PwC's briefing and statements at oral argument are unclear as to whether these numbers count pages or documents.

8. Plaintiffs also argue that they have not had an opportunity to examine the declarants supporting PwC's opposition. PwC notes that an extended briefing schedule was adopted for this motion in order to provide plaintiffs with just this opportunity. The court resolves the motion on other grounds.

9. *See, e.g., Wynn,* 234 F.Supp.2d at 1082 ("Due to the minimal evidence at the court's disposal,

[the notice stage] determination is made based on a fairly lenient standard, and typically results in a 'conditional certification' of a representative class.").

10. *Accord Harris v. FFE Transp. Servs., Inc.,* No. 3:05–CV–0077, 2006 U.S. Dist. LEXIS 51437, 2006 WL 1994586, *3 (N.D.Tex. May 15, 2006), *Brooks v. BellSouth Telecomm., Inc.,* 164 F.R.D. 561, 568–69 (N.D.Ala.1995).

11. *Accord Bouaphakeo v. Tyson Foods, Inc.,* 564 F.Supp.2d 870, 895 (N.D.Iowa 2008), *Villanueva–Bazaldua v. TruGreen Ltd. Partners,* 479

rejected the lenient standard without invoking the second stage or articulating an alternative. *Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1276 (M.D.Ala. 2004), *White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1313 n. 2 (M.D.Ala.2002), *Ray v. Motel 6 Operating, Ltd. Pshp.*, 1996 U.S. Dist. LEXIS 22565 (D.Minn. Feb. 15, 1996).

■ With the exception of *Pfohl,* the court is not aware of any district court within the Ninth Circuit to have followed these cases. Courts within this circuit instead refuse to depart from the notice stage analysis prior to the close of discovery.[12] Several courts have held that the notice stage analysis applies whenever "discovery has not yet been completed and [the] case is not ready for trial." *Labrie v. UPS Supply Chain Solutions, Inc.*, No. C08–3182, 2009 WL 723599, *3 (N.D.Cal. March 18, 2009); *see also Lewis,* 2009 U.S. Dist. LEXIS 102773, *8, 2009 WL 3517660, *3 *Rees v. Souza's Milk Transp., Co.,* No. CVF0500297, 2006 WL 738987, *3 (E.D.Cal. Mar 22, 2006). Other courts have held that the notice stage analysis applies at least when discovery pertinent to collective certification is outstanding. *Goudie v. Cable Communications, Inc.*, No. 08–CV–507–AC, 2008 WL 4628394, *5 (D.Or. Oct.14, 2008), *Wren v. RGIS Inventory Specialists,* No. C–06–05778, 2007 U.S. Dist. LEXIS 95439, 16–17, 2007 WL 4532218, *5–6 (N.D.Cal. Dec. 19, 2007), *Gerlach,* 2006 U.S. Dist. LEXIS 24823, *11, 2006 WL 824652, *3–4.

In a thoroughly reasoned opinion, Northern District of California Judge Walker explained the refusal to skip the notice stage. *Leuthold,* 224 F.R.D. at 467–68. Early certification in an FLSA is part of the develop-

ment of the factual record. *Id.* at 468. Skipping to the second stage not only requires the court to evaluate an incomplete (although potentially substantial) factual record—it interferes with the future completion of that record. Separate from the risk of an incomplete factual record, "[b]ypassing the notice stage altogether ... might deprive some plaintiffs of a meaningful opportunity to participate." *Id.* Measured against these dangers, delaying the second stage analysis risks little harm to defendant, who will be free to move for decertification "once the factual record has been finalized and the time period for opting in has expired." *Id.*

The court is persuaded by *Leuthold* and the majority of district courts within this Circuit. Accordingly, the court applies the first tier, or notice stage, of the collective certification analysis.[13]

## C. Application of The Notice Standard to This Case

An often cited formulation of the notice stage standard is that plaintiffs must provide "substantial allegations, supported by declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.'" *Gerlach,* 2006 U.S. Dist. LEXIS 24823, *6–7, 2006 WL 824652, *3–4 (quoting *Thiessen,* 267 F.3d at 1102–1103). Taken literally, this standard might allow plaintiffs to receive conditional certification solely on the basis on an employer's uniform classification decision. Cases engaging in notice stage analysis on misclassification claims, however, have required plaintiffs to provide some further allegation

F.Supp.2d 411, 415 (D.Del.2007), *Olivo v. GMAC Mortg. Corp.*, 374 F.Supp.2d 545, 548 n. 4 (E.D.Mich.2004), *Thiessen v. GE Capital Corp.*, 996 F.Supp. 1071, 1080 (D.Kan.1998), *Bunyan v. Spectrum Brands, Inc.*, No. 07–CV–0089 2008 U.S. Dist. LEXIS 59278, *12, 2008 WL 2959932, *4 (S.D.Ill. July 31, 2008), *Jimenez v. Lakeside Pic–N–Pac, L.L.C.*, 2007 U.S. Dist. LEXIS 91989, 2007 WL 4454295 (W.D.Mich. Dec. 14, 2007).

**12.** Plaintiffs further argue that *Pfohl* is distinguishable because plaintiffs in that case sought final, rather than conditional, certification, thereby compelling use of the second stage analysis. It appears to the court that the opinion in *Pfohl* is unclear in this regard.

At oral argument, PwC suggested that *Trinh v. JP Morgan Chase & Co.*, No. 07–CV–1666, 2008 WL 1860161, *4 (S.D.Cal. Apr. 22, 2008) represented another departure. As explained below, *Trinh* held that the initial stage of analysis applied, but that plaintiffs failed to satisfy the requirements of that stage.

**13.** The court notes that even if it were to adopt an intermediate form of analysis as advocated by *Holt,* wherein defendant's evidence was considered but not weighed against plaintiff's evidence, the court would reach the same result on the facts of this case.

or evidence indicating that prospective class members share similar job duties. *See, e.g., Lewis,* 2009 U.S. Dist. LEXIS 102773, *8–9, 2009 WL 3517660, *3–4, *Trinh v. JP Morgan Chase & Co.,* No. 07–CV–1666, 2008 WL 1860161, *4 (S.D.Cal. Apr. 22, 2008). The court follows *Lewis* and *Trinh* here.

Thus, whether plaintiff Le's employment is substantially similar to other employees must be evaluated in light of the issues raised by her particular FLSA claim. Le claims that PwC violated 29 U.S.C. section 207 by, among other things, failing to pay overtime wages. Section 207 does not apply to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). PwC argues that potential class members all fall into the professional and administrative exemptions. The question to be decided on this motion is whether plaintiffs' evidence indicates that the propriety of the classification may be determined on a collective basis, and not merely whether PwC's alleged mis-classification affected all proposed class members. *Morisky v. Public Serv. Elec. & Gas Co.,* 111 F.Supp.2d 493, 498 (D.N.J.2000). Plaintiffs need not conclusively establish that collective resolution is proper, because PwC will be free to revisit this issue at the close of discovery.

▪ Whether an employee falls into the professional or administrative exemption is determined by the employee's job duties. An exempt employee's "primary duty" must be exempt work. 29 C.F.R. § 541.700(a). To be exempt as an administrative employee, the employee's primary duty must be "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers" and "include[ ] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(2)-(3). To fall into the learned professional exemption, the employee's primary duty must be the performance of work "requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.300(a)(2)(i).

▪ Application of the administrative or professional exemptions is fact specific. 29 C.F.R. § 541.700. However, the need to examine the facts of an employee's work does not categorically preclude collective determination of exemption. In cases concerning exemption, courts have found collective certification appropriate where evidence indicates that prospective class members' job duties were substantially similar. *Lewis,* 2009 U.S. Dist. LEXIS 102773, *8–9, 2009 WL 3517660, *3–4; *Moss v. Crawford & Co.,* 201 F.R.D. 398, 410–11 (W.D.Pa.2000). Conversely, where courts have found conditional collective certification inappropriate, it has been where "[p]laintiffs have not put forth any arguments suggesting that [p]laintiffs and the putative class will rely on any common evidence to prove that each putative plaintiff falls outside each of the[ ] exemptions." *Trinh,* 2008 WL 1860161, *4. In a similar case, the Southern District of Illinois found conditional certification inappropriate where "[p]laintiffs provide[d] nothing to indicate that they are similarly situated with respect to their employment duties and circumstances. Even though each of the Plaintiffs and potential claimants were employed as 'production supervisors,' job descriptions alone are insufficient to clear even the low evidentiary hurdle at this stage." *Bunyan v. Spectrum Brands, Inc.,* 2008 U.S. Dist. LEXIS 59278, *21, 2008 WL 2959932, *8 (S.D.Ill. July 31, 2008). *See also Reich v. Homier Distrib. Co.,* 362 F.Supp.2d 1009, 1014 (N.D.Ind.2005), *Freeman v. Wal–Mart Stores, Inc.,* 256 F.Supp.2d 941, 945 (W.D.Ark.2003).

▪ Here, while each employee's claim will turn on that employee's job duties, plaintiffs argue that PwC's training, PwC's audit methodology, and the applicable professional standards together ensure that all Attest Associate's job duties are similar in pertinent regards. This argument is supported by some evidence. PwC has a uniform audit methodology, Wells Decl. Ex. F, Ex. M (PwC websites), codified into an internet based Audit Guide, and plaintiffs submit declarations and deposition testimony indicating that individual employees adhered to this system. Plaintiffs' evidence further indicates that all PwC attest associates are trained in PwC's

"Go Audit" programs. Plaintiffs argue that this uniform training and methodology suffices to demonstrate that all potential class members engage in sufficiently similar job duties. Several of plaintiffs' declarants worked in multiple offices, and state that PwC's procedures were uniform across these offices. Wells Decl. Ex. B. ¶ 5, Ex. N. ¶ 9. Under the professional rules governing accountants, all class members are subject to a level of supervision. *Campbell II*, 602 F.Supp.2d at 1168. Plaintiffs provide several employee declarations describing this supervision. Wells Decl. Ex. A ¶ 8; Ex. J ¶ 13; Ex. K ¶¶ 4, 15. This supervision may allow class wide determination as to whether employees exercise "discretion and independent judgment with respect to matters of significance" as required by the administrative exemption. 29 C.F.R. § 541.200(a). Similarly, as to the professional exemption, plaintiffs argue that the level of education required for class members may fall below the threshold of "advanced knowledge" required under the professional exemption. *Cf. Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 545 (7th Cir.1999).

PwC concedes that the training, methodology, and professional standards are uniformly applicable, but PwC argues that these constraints leave ample room for salient differences between class members' duties, as well as differences between the week-to-week work of individual class members. The extent of these individual differences, and their legal significance (both with regard to similarity and to the ultimate question of exemption), is a contested and difficult question. The court defers resolution of this question at least until the completion of discovery and the second stage analysis.

Here, plaintiffs have provided some evidence of similarity. This suffices at this stage. *Cf. Trinh*, 2008 WL 1860161, *4. Notice to potential class members is appropriate.

### E. Method of Notice

█ Plaintiff provided a proposed form of notice, to which PwC raised several objec-

tions. At oral argument, the parties informed the court that they would be likely to be able to agree upon the language of such a notice. The court therefore grants the parties forty-five (45) days to meet and confer on this issue.[14]

### III. CONCLUSION

For the reasons stated above, plaintiffs' motion for conditional certification (Doc. No. 57) is GRANTED. The court ORDERS as follows:

1. The court conditionally certifies a collective action under 29 U.S.C. § 216(b) consisting of persons who are or were employed by Defendant PricewaterhouseCoopers LLP ("Defendant") as an Associate in the Attest Division of the Assurance line of business anywhere in the United States at any time from December 11, 2005 to the present and who were not licensed as a Certified Public Accountant (collectively, "Attest Associates"), for purposes of FLSA claims brought by these plaintiffs.

2. The parties are GRANTED forty-five (45) days from the date of this order to submit a joint proposal for notice to the class, or separate statements as to why no such joint proposal could be reached.

IT IS SO ORDERED.

█

---

**14.** To give the parties notice, the court will order plaintiff to pay for notice, and provision of noticing by mail or e-mail will suffice and defendant will not be required to post notice at places of employment.